## UNITED STATES v. COLUMBIA GAS & ELECTRIC CORPORATION et al.

### Civ. A. No. 16.

District Court, D. Delaware.

July 25, 1940.

Stewart Lynch, U. S. Atty., of Wilmington, Del., and John S. L. Yost and William L. McGovern, Sp. Assts. to Atty. Gen., for plaintiff.

Douglas M. Moffat (of Cravath, de Gersdorff, Swaine & Wood), of New York City, and Clarence A. Southerland (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for defendants.

NIELDS, District Judge.

Motion under sub-division (e) of rule 12 of the new Rules of Civil Procedure, 28 U. S.C.A. following section 723c.

The complaint charges defendants with having entered into a continuing combination and conspiracy in the early part of 1930 to restrain interstate commerce in natural gas among the States of Kentucky, West Virginia, Ohio and Michigan, and to monopolize and attempt to monopolize such trade and commerce by crushing the American Fuel and Power system, the only competitor of the Columbia system engaged in transporting gas from the Kentucky fields to markets in said States. In furtherance of such conspiracy the complaint further charges said defendants with attempting to prevent any future competition from the American Fuel and Power Company or any of its component parts by obtaining possession of the physical assets of those companies or control of any reorganized company or companies operating those physical assets.

Defendants have filed thirty requests for a more definite statement and for a bill of particulars. Nos. 12, 14, 17 and 28 were withdrawn at the hearing.

This jurisdiction adheres to the fundamental distinction in the law of pleading between pleading and proof. Where amplification of allegations of ultimate facts is sought a motion for a more definite statement or a bill of particulars will usually be granted. Where proof of the allegations of the bill is sought, such a motion will be denied. Here the requests in every instance are for proof. Proof, when appropriate, may be obtained upon filing interrogatories. The motion must be denied.

Defendants also move under rule 10(b) for an order directing the plaintiff to file an amended complaint in which the allegations are further sub-divided into numbered paragraphs, each of which shall be limited to the statement of a single set

of circumstances. In view of the multiplicity of facts involved in a charge of violation of the anti-trust laws, this motion must be denied.

An order may be submitted.