## UNITED STATES v. COLUMBIA GAS & ELECTRIC CORPORATION et al.

### No. 16.

District Court, D. Delaware.

Feb. 22, 1941.

Stewart Lynch, U. S. Atty., of Wilmington, Del., and John S. L. Yost and William L. McGovern, Sp. Assts. to Atty. Gen., for plaintiff.

Douglas M. Moffat (of Cravath, deGersdorff, Swaine & Wood), of New York City, and Clarence A. Southerland (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for defendants.

NIELDS, District Judge.

November 4, 1938 this action was brought. Plaintiff consented to two extensions of the time allowed defendants by rule 12 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, within which to answer or otherwise plead. Defendants filed a motion under rule 12 (e) for a more definite statement and bill of particulars which the court denied in all respects. 1 F.R.D. 358. August 6, 1940, the court entered an order that defendants' "answers or other defense to the complaint herein be filed and served * * * within twenty (20) days after the date of this order". August 26, 1940 defendants filed a motion to dismiss the complaint on the grounds (1) that the court did not have jurisdiction over the subject matter and (2) that the plaintiff had failed to state a claim upon which relief could be granted.

Plaintiff now moves to strike defendants' motion to dismiss; also to enter judgment by default under rule 55 for failure of defendants to "plead or otherwise defend as provided by these rules" within the time limited by the order of August 6, 1940.

Plaintiff raises no objection to an order enlarging the time provided in the order of August 6, 1940, and requiring defendants to file an answer. A detailed discussion of the Rules of Civil Procedure applicable to the above facts is unnecessary. After its motion for bill of particulars had been denied defendants' motion to dismiss was in violation of rule 12(g).

Defendants' motion to dismiss should be stricken.

Plaintiff's motion for a judgment by default will be denied. Defendants will be required to file a full answer to the complaint. This denial is without prejudice to the right of defendants to embody in an answer the grounds for dismissal set forth in its present motion to dismiss.

An order may be submitted.