### FORSTMANN et al. v. WENNER–GREN et al.

District Court, S. D. New York.

April 3, 1941.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for plaintiffs.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (Harold L. Smith, William K. Dupre, Alan C. Doig, and Robert Braucher, all of New York City, of counsel), for defendant Orion, S. A.

LEIBELL, District Judge.

Defendant Orion, S. A., a corporation, moves to dismiss the "First" and "Third" causes of action alleged in the complaint herein, on the ground that each cause of action fails to state a claim upon which relief can be granted against the moving defendant. Said defendant also moves for an order directing the plaintiffs to state their claims in a cause of action against defendant Orion, S. A., separately from any cause of action against the other named defendant, Wenner-Gren, in order to "facilitate the clear presentation of the matters set forth". Defendant Orion, S. A., further seeks a bill of particulars in order to prepare its answer to the complaint. The defendant, Wenner-Gren, an individual has not been served with any process nor has he appeared herein.

The "First" cause of action against defendant Orion, S. A. (a corporation incorporated under the laws of the Republic of Panama), and defendant, Wenner-Gren (a citizen of the Kingdom of Sweden) states that on or about April 29, 1940, the latter defendant agreed to buy the yacht "Orion" from the plaintiffs "as is" for $300,000, delivery of the yacht and transfer of title to be made to a corporation to be formed; that defendant, Wenner-Gren, thereafter caused defendant Orion, S. A., to be incorporated for this purpose, but that both defendants later refused plaintiffs' tender of the yacht and the title documents and failed to carry out the contract between plaintiffs and defendant, Wenner-Gren, dated April 29, 1940.

Defendant Orion, S. A., asserts that it cannot be held liable for breach of the contract (dated April 29, 1940) to which it never was a party, citing Bond v. Atlantic Terre Cotta Co., (1st Dept.), 137 App.Div. 671, 122 N.Y.S. 425. That case at page 677 of 137 App.Div., 122 N.Y.S. 425, conceded, of course, that a corporation may be bound by contracts entered into for its benefit prior to its corporate existence, in the event that the corporation has ratified, accepted or adopted the contract in question. But there is no allegation to that effect in the "First" cause of action herein. The motion is granted with leave to plaintiffs

to amend the first cause of action by proper allegations, if the facts warrant such amendments.

Although the "Second" cause of action is not involved in the present motion to dismiss, a brief outline of the allegations of said cause of action will be helpful in understanding both the "First" and "Third" causes of action. In the "Second" cause of action the plaintiffs have pleaded a written contract executed on May 14, 1940, alleged to be in part performance of the contract of April 29, 1940, whereby it is claimed that the defendant, Orion, S. A., became bound as a principal. (See Exhibit A annexed to the complaint) In addition thereto, plaintiffs have alleged that the defendant, Orion, S. A., is entirely owned and controlled by the defendant, Wenner-Gren, and is his "alter ego," and it is claimed that both defendants are liable to plaintiffs for the breach of their contracts and agreements. Plaintiff's counsel cites Luckenbach S. S. Co. Inc. et al. v. W. R. Grace & Co., Inc., 4 Cir., 267 F. 676, certiorari denied 254 U.S. 644, 41 S.Ct. 14, 65 L.Ed. 454; The Willem Van Driel, Sr., 4 Cir., 252 F. 35, certiorari denied 248 U.S. 566, 39 S.Ct. 9, 63 L.Ed. 424; Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; all of which involved the liability of parent corporations for acts done through wholly-owned subsidiaries.

The "Third" cause of action realleges the execution and breach of the written agreement, dated May 14, 1940, between plaintiffs and defendant, Orion, S. A. Plaintiffs further alleged that Wenner-Gren with knowledge of plaintiffs' contract rights with defendant, Orion, S. A., "wrongfully, knowingly, intentionally and maliciously induced, persuaded, and procured the said Orion, S. A., to repudiate and break its said agreement with plaintiffs and to refuse to proceed further thereunder."

From a reading of this cause of action it is apparent that it pleads a claim against Wenner-Gren for the tort of inducing a breach of contract. Hornstein v. Podwitz, 254 N.Y. 443, 448, 173 N.E. 674, 84 A.L.R. 1; Lamb v. Cheney & Son, 227 N.Y. 418, 125 N.E. 817. It does not plead any claim against the defendant, Orion, S. A., as obviously a defendant cannot be held liable for an alleged tort in inducing itself to breach its contract. It is therefore unnecessary to make any ruling, dismissing this "Third" cause of action as against the defendant, Orion, S. A.

There are three additional causes of action pleaded, but there is no need of discussing any of them on this motion.

Defendant, Orion, S. A., also moves to compel the plaintiffs to separately state their claims against Orion, S. A., as distinguished from defendant, Wenner-Gren, and refers to Rule 10(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiffs assert, on the other hand, that inasmuch as the defendant, Orion, S. A., is the "alter ego" of defendant, Wenner-Gren, there is in realty only one defendant and no separate stating is necessary. But apart from that, Rule 20(a), F.R.C.P., provides that "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action". A reading of the complaint herein evidences a compliance upon the part of the pleader with the requirement of Rule 8(a) to plead plaintiffs' claims in a simple, short and concise manner in separate counts. I do not think that any further separation of counts herein would facilitate a presentation of the issues. Lowe v. Consolidated Edison Co., Inc., D. C., 1 F.R.D. 559. The motion to separately state is therefore denied.

Defendant, Orion, S. A., has also moved for a bill of particulars to enable it to prepare its answer. Items 3 and 7 of its demand are proper, are consented to by plaintiffs and are granted. Rule 9(b) and (g) F.R.C.P. As to items 1, 2, 4, 8, 9 and 10 the plaintiffs shall state as follows:

1. As to the allegations contained in paragraph Seventh of the complaint, whether the agreement referred to therein was oral or in writing; if oral, the terms thereof; if in writing, a copy thereof.

2. As to the allegations contained in paragraph Eighth of the complaint, whether the alleged agreement was oral or in writing; if oral, the terms thereof; if in writing, a copy thereof; and whether such alleged agreement is claimed to have been a part of, or a modification of, the agreement alleged in paragraph Seventh, or a separate agreement.

4. As to the allegations contained in paragraph Eighteenth of the complaint, the date when the alleged subsequent agreement was made; whether such alleged subsequent agreement was oral or in writing; if oral, the terms thereof; if in writing, a copy thereof.

8. As to the allegations of paragraph Thirty-Fourth of the complaint, the date when such alleged warranty was given; whether such alleged warranty was oral or in writing, express or implied; if oral the terms thereof; if implied, the circumstances from which the implication is drawn; and in which agreements such alleged warranty was contained.

9. As to the allegations of paragraph Fortieth of the complaint, whether the alleged notice was oral or in writing; if oral, the terms thereof; if in writing, a copy thereof.

10. As to the allegations of paragraph Forty-Fifth of the complaint, whether the alleged representations were oral or in writing; if oral the terms thereof; if in writing, a copy thereof; and the circumstances constituting the alleged mutual mistake and the alleged fraud.

The other information requested in various items of the demand for a bill of particulars does not appear to be necessary to enable defendants to answer and may be obtained by way of interrogatories addressed to plaintiffs (Rule 33, F.R.C.P.) or by taking the depositions of plaintiffs under Rule 26, F.R.C.P.

Submit order in accordance with this opinion and on two days' notice.