## LEDOUX v. VAN HEUSEN PRODUCTS, Inc.

Civil Action No. 237.

District Court, D. Delaware.
March 16, 1942.

On Motion April 1, 1942.

Josiah Marvel, Jr., of Marvel & Morford, all of Wilmington, Del., for plaintiff.

Hugh M. Morris and S. Samuel Arsht, both of Wilmington, Del., for defendant.

LEAHY, District Judge.

The complaint alleges in substance that on October 13, 1915, one John E. Bowen filed an application for letters patent upon an invention for the manufacture of collars and cuffs and like articles. On the same day, he assigned his rights in the invention to John Manning Van Heusen under an agreement that Van Heusen would manufacture and market articles covered by the patent application and pay Bowen, his heirs, executors, administrators and assigns, one-third of the net profits derived from such sales. Subsequently, Van Heusen

manufactured and sold the articles pursuant to the agreement. On January 22, 1918, United States Letters Patent No. 1,254,306 were granted on the application to Bowen, assignor of Van Heusen.

Later—no date is alleged—Van Heusen assigned all his rights in the patent to Van Heusen Products, Inc., the present defendant, "together with the aforesaid agreement and contract with the said John E. Bowen to account and pay to the said John E. Bowen * * * one-third of all profits realized from the sale of articles manufactured under" the patent "and the said defendant, Van Heusen Products, Inc., did thereupon assume, undertake and agree to account for and pay to the said John E. Bowen * * * one-third of any and all profits so realized upon such articles manufactured and sold * * *." (Par. 6 of Complaint.) Pursuant to this agreement, defendant manufactured and sold the patented articles.

On January 24, 1931, defendant agreed to account and pay to the estate of Bowen on or before January 1, 1940, all sums due and owing. It paid $10,000 on account.

Plaintiff prays for judgment and for an accounting for profits and damages.

By the present motion for a more definite statement or a bill of particulars, defendant states that it is unable to prepare responsive pleadings on the basis of this complaint and seeks particulars as to whether the agreement between Bowen and Van Heusen, the assignment thereof by Van Heusen, to defendant, the assumption of Van Heusen's obligations by defendant, and the agreement of January 24, 1931, were in writing or oral. It further requests copies of any of these which were in writing and the substance of any which were oral. It requests the place of making of the agreements and the names of the persons representing the parties in the various transactions.

■ At the time of argument, plaintiff agreed to supply Particulars (1)(a), (b), (c), (d), (2)(a), (3)(d), and (4)(a). The first four of these concern matters controlling plaintiff's right to sue. Cf. Gallagher & Burton, Inc., v. Schenley Distributors, Inc., D.C., 1 F.R.D. 439. The latter three question whether the agreements were written or oral. Cf. Forstmann v. Wenner-Gren, D.C., 1 F.R.D. 775; Johnson & Gould v. Joseph Schlitz Co., D.C., 1 F.R.D. 335. These will be granted.

Particulars (2)(b), (4)(b), and (3)(e) will be granted. If the agreements are in writing, defendant is entitled to copies at this stage of the proceedings, even though the Federal Rules of Civil Procedure may provide other adequate means of obtaining them subsequently. Forstmann v. Wenner-Gren, supra; D. L. Stern Agency, Inc., v. Mutual Benefit Health & Accident Association, D. C., 43 F.Supp. 167. If the agreements are oral, then I believe that the preceding discussion demonstrates that their substance has been adequately pleaded. However, defendant is entitled to know the dates of the agreements. With the exception of these dates, Particulars (2)(c), (3)(f), and (4)(c) are denied.

■ Particulars (3)(a), (b), and (c) are directed to the assignment from Van Heusen to defendant. This is a matter which one would expect to be within the knowledge of the defendant. Under the authorities, particulars will not be required as to such matters. Kraft Corrugated Containers, Inc., v. Trumbull Asphalt Co. of Delaware, D.C., 31 F.Supp. 314.

■ Particular (3)(f) seeks—in addition to the terms of the assumption agreement—the names of persons acting on behalf of the defendant and the estate of the plaintiff. These are matters of evidence which ordinarily cannot be obtained under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. United States v. Columbia Gas & Electric Corporation, D.C., 1 F.R.D. 358. Hence, this portion of (3)(f) will be denied.

■ Defendant also desires to know the place of the making of the agreements. This is also evidence. Defendant relies on Mahoney v. Bethlehem Engineering Corp., D.C., 27 F.Supp. 865, in support of this Particular. Plaintiff in that case was required to name the place of making of the contract for the reason that this question was determinative of an important conflict of laws issue. Since no such issue has been raised in the instant case, this request will be denied. Here again, the Rules of Civil Procedure provide other adequate means of obtaining such information before trial.

A form of order in accordance with this opinion may be submitted.

On Motion for a More Definite Statement or a Bill of Particulars.

On an earlier motion for a more definite statement or a bill of particulars, plain-

tiff was ordered, inter alia, to state whether certain agreements involved in this suit were oral or in writing. I said: "If the agreements are oral, then I believe that the preceding discussion demonstrates that their substance has been adequately pleaded." I assumed that the plaintiff had already set forth the terms and substance of the agreements in suit. The point not having been expressly raised by defendant, there was no reason to suppose that at trial plaintiff would attempt to prove contracts differing in their terms from those outlined in the complaint.

By its present motion, however, defendant asks plaintiff to state whether all of the terms of any oral agreements in this suit are set forth in the complaint and, if not, the substance of all such terms and conditions.

If there are any such undisclosed terms, defendant is entitled to the requested particulars. As indicated by the earlier opinion in this case, all the terms and conditions of the contracts in suit should be disclosed in order that defendant may make a responsive pleading. The plaintiff will therefore give particulars as to whether all terms and conditions of the contracts are disclosed by the complaint. If not, she will state all that are not disclosed.

A form of order in accordance with this opinion may be submitted.