### TULLY v. HOWARD et al.

District Court, S. D. New York.
Jan. 31, 1939.

In the instant case, the demand for a bill of particulars is in the nature of interrogatories and imposes upon the Motion Judge the supervision of an examination before trial. It certainly does not simplify procedure.

I have attempted to determine the particulars which the defendants require in amplification of the complaint to enable them to answer, and leave them to other remedies provided by the Rules, after issue joined.

Max Chopnick, of New York City, for plaintiff.

Phillips & Nizer, of New York City, for defendant Odessco Productions, Inc.

Austin C. Keough, of New York City, for defendant Paramount Pictures, Inc.

HULBERT, District Judge.

It seems to be generally accepted that the one and only application which may be made for a bill of particulars is within twenty days after the service of the pleading to which the application is directed and that particularly no application is permitted, as to the complaint, after issue joined.

According to Moore's Federal Practice, page 654, Rule 12 (e) was designed to avoid any distinction between a motion for a more definite statement or for a bill of particulars and this seems to be borne out by the sentence in the Rule, which reads: "The motion shall point out the defects complained of and the details desired." 28 U.S.C.A. following section 723c.

Some confusion arises from the use of the phrase in the Rule "or to prepare for trial," and a tendency has developed on the part of counsel, familiar with the practice in the New York State courts where a well defined distinction exists between a motion to make the complaint more definite and certain before answer and a motion for a bill of particulars which cannot be had under any circumstances until after issue joined, to secure all the information possible under the guise of a motion to obtain particulars to enable the moving party to prepare his responsive pleading. This appears to be inconsistent with Rules 8, 26 and 33.