## E. I. DU PONT DE NEMOURS & CO. v. DUPONT TEXTILE MILLS, Inc.
### No. 8.

District Court, M. D. Pennsylvania.
Feb. 6, 1939.

Vosburg & Vosburg, of Scranton, Pa., and D. A. Kelsey, Jr., of Wilmington, Del., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is now brought before the Court for disposition of a motion for a more definite statement and Bill of Particulars.

The Defendant has asked for more particulars of eleven of the twelve paragraphs of the Complaint which set forth the Plaintiff's basis for relief. It is not necessary nor is it desirable to consider all of these grounds separately, inasmuch as they are largely repetitious.

■ Among other matters, the Defendant has requested the Plaintiff to set forth "the places where the Plaintiff manufactures and the places where the Plaintiff sells each of its products, including those specifically mentioned and those not mentioned." It is evident that this information is unnecessary either to enable the Defendant to properly prepare his responsive pleading or prepare for trial. To require a company of the size of the Plaintiff, engaged in a great number of fields of manufacture and marketing a great number of products, to list places of manufacturing and sale of each of these products is absurd especially where such information is not needed.

■■ The purpose of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and particularly of Rule 12(e) is to expedite and simplify proceedings in the Federal Courts, and it is the aim of the various courts to so interpret them as to work substantial justice in all cases. But it is not the purpose of Rule 12(e), nor should it be construed to permit either party to put the other to such expense and delay as to make the seeking of justice a

profitless thing, all the more so when such expense and delay is the sole benefit accomplished.

Similarly, those of the Defendant's requests which relate to the acts which the Plaintiff alleges constitute infringement are denied. The Plaintiff has alleged that the Defendant's infringement consists of a general course of conducting its business and not any number of specific and separate offenses. Therefore, to require the Plaintiff to set forth every sale, advertisement, and letter of the Defendant would be likewise improper.

The Defendant has also requested that the Plaintiff be ordered to show how it computed the jurisdictional amount. This is not the proper way to raise the question of jurisdiction and is, therefore, denied.

The Defendant has also requested particulars as to its own fraudulent intent. While it is true that fraud may not be alleged generally under Rule 9, it is provided that intent may be alleged generally. Rule 9(b). Therefore, this request is denied.

Request number XII is granted and the Plaintiff is ordered to supply such information within ten days. However, should the alleged failure of the Defendant to comply with Plaintiff's notice of the infringement consist of continuing its former manner of conducting its business, such allegation may be made generally as is hereinbefore decided.

The other requests of the Defendant are, in my opinion, entirely without merit.