Bernard Gordon, of New York City, for plaintiff.

Harry Weinberger, of New York City, for defendants.

**ROSENBLUM v. DINGFELDER et al.**

District Court, S. D. New York.

April 7, 1939.

MANDELBAUM, District Judge.

The defendants seek twofold relief. First, an order directing plaintiff to serve a verified bill of particulars of certain matters alleged in the complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and second, for an order requiring the plaintiff to produce certain documents for the inspection of the defendants' attorney and for permission to make copies of such documents pursuant to Rule 34 of the aforementioned rules.

The complaint, charging the defendants with fraud and conspiracy, was served on March 13th, 1939, and the defendants have not as yet answered the said complaint. Under Rule 12(e) a motion such as the present one is proper in order

to prepare a responsive pleading or to prepare for trial. The defendants seek the relief in order to be able to prepare their answers. The motion papers have set forth the details desired but have not stated the defects complained of (except in a general and vague manner) as required by the rule. The court has examined the complaint, as well as each of the items demanded, and is of the opinion that plaintiff should furnish to the defendant items 3(a) and 7 set forth in the notice of motion. Otherwise, the complaint is sufficiently clear to enable the defendants to prepare a responsive pleading. It may be that after issue is joined, the defendants will be able to obtain the information they seek either by oral depositions or written interrogatories as provided by Rules 5, 26 and 33 of the Federal Rules of Civil Procedure. Judge Hulbert of this court, in a somewhat similar application as the instant one, said (Tully v. Howard et al., 27 F.Supp. 6, 7, decided January 31, 1939): "In the instant case, the demand for a bill of particulars is in the nature of interrogatories and imposed upon the Motion Judge the supervision of an examination before trial. It certainly does not simplify procedure".

The first branch of this motion is granted with respect to items 3(a) and 7 and denied as to the balance of the items.

The motion to require the plaintiff to produce certain documents for inspection and for permission to make copies thereof pursuant to Rule 34 is granted. The time and place and manner of making the inspection and making of copies are to be specified in the order to be submitted in accordance with this opinion.

Settle order on 2 days' notice.