## PEARSON v. HERSHEY CREAMERY CO.
### No. 252.

District Court, M. D. Pennsylvania.
Nov. 16, 1939.

Weiss & Rhoads, of Harrisburg, Pa., for plaintiff.

John T. Olmsted, John McI. Smith, and Paul G. Smith, all of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This case is before the Court on Defendant's motion for a more definite statement or for a bill of particulars.

The complaint alleges the formation of a contract between the Plaintiff and Defendant whereby the Plaintiff was to make an audit and survey of the Defendant's stores and plants. The Plaintiff was authorized to obtain refunds of overpayments made by Defendant to utility companies. As compensation for these services, the Plaintiff was to receive one half of all refunds obtained and one half of all savings effected by Plaintiff's survey and audit for a period of three years from the dates of the new billings. The Plaintiff alleged that he had secured certain refunds and that savings in stated amounts had been effected by virtue of the audit and survey. This action was brought to recover one half of these refunds and savings.

The Defendant requests, in its motion, that the Plaintiff file a more definite statement or bill of particulars containing the names of the officers of the Defendant to whom the Plaintiff made his recommendations, the specific recommendations made, the approximate date the recommendations were made; whether the recommendations were written or oral, whether they were adopted by the Defendant, the effect of

the adoption of the recommendations on Defendant's utility bills and the utility companies involved, and the method or manner in which the Plaintiff computed the savings he had effected. There are certain additional requests addressed to particular allegations in the complaint but not common to all and not listed here.

The Plaintiff's survey and audit covered more than two hundred stores and plants of the Defendant. It is clear, therefore, that if the Plaintiff complied with Defendant's motion, the complaint would consist of several hundred pages of detailed allegations. Such a pleading is not contemplated by the rules of civil procedure, which require that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. E. I. DuPont De Nemours & Co. v. Dupont Textile Mills, Inc., D.C., 26 F.Supp. 236.

Motions filed under Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, will be granted only where their object is to amplify pleadings which are so insufficient that either an answer cannot be prepared in response thereto or the Defendant cannot prepare for trial. If these conditions do not exist, the motion will be refused regardless of the rules and decisions relating to similar motions under the practice existing prior to the present rules of civil procedure. Bills of particulars or more definite statements are no longer necessary to prevent surprise at the trial nor are they necessary to limit or define the issues. The methods for discovery available to parties under the present rules place the pleader's information almost entirely within the control of opposing parties. Surprise at the trial has now become almost impossible where careful use is made of Rules 33 to 37. Furthermore, the pre-trial conferences, which are still in their infancy, have met with considerable success in this Court and it is confidently expected that these conferences will reduce the issues at trial to their barest minimum.

The complaint in the present case is sufficiently definite for the purpose of framing an answer. It is also sufficiently definite to enable the Defendant to prepare, in a general way, for trial. Therefore, the motion must be denied. Brinley v. Lewis, D.C., 27 F.Supp. 313.

The Plaintiff, in opposition to the motion here, relied partly upon Rule 9(c), which provides: *"Conditions Precedent.* In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

The Plaintiff contends that under this rule the Plaintiff may plead generally the performance of all conditions precedent to Defendant's liability. This construction would tend to simplify pleadings, and would thus be in accord with the intent of the new rules of civil procedure. However, the Court does not now express an opinion on this question. The motion is disposed of on other grounds.

Now, November 16, 1939, Defendant's motion for a more definite statement or for a bill of particulars is denied.