**KNUPFER v. ALBERTSON & CO., Inc.**

District Court, W. D. New York.

March 15, 1940.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y., for plaintiff.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for defendant.

BURKE, District Judge.

The plaintiff sues for an accounting and recovery of royalties which he claims are due him from the defendant under an assignment of a license agreement.

The defendant moves on three grounds to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The first is disposed of by the filing at the argument of a bill of particulars supplementing the complaint. The second and third were not pressed on the argument. We think there is no merit in them.

The defendant also moves for a bill of particulars pursuant to Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant is entitled to the information sought under 2(f) of its motion. By this the defendant seeks the particulars as to what products covered by the license agreement plaintiff claims that defendant made or sold. This, we think, is necessary to prepare a responsive pleading. With such information defendant may plead that it never manufactured or sold any such articles as plaintiff claims, or that the articles manufactured or sold as plaintiff claims were not covered by the license agreement. It is true that defendant knows best what articles it manufactured and sold, but it does not know what articles made or sold by it are claimed by the plaintiff to be covered by the license agreement.

All other demands of the defendant for particulars are without the general purpose of a bill of particulars under the new rules. Without attempting to particularize as to each demand it is sufficient to say that under the new rules the function of a bill of particulars is to secure information necessary to prepare a responsive pleading and to generally prepare for trial. Particular information necessary upon the trial should be procured under the rules relating to interrogatories, depositions and discovery. Matters of evidence are not required to be furnished under Rule 12(e), nor are matters peculiarly within the knowledge of the moving party.

Except as indicated the motion is denied. Particulars ordered may be furnished within 10 days. Answer may be served within 10 days after service of bill of particulars. Submit order.