## PRUTINSKY et al. v. COMMERCIAL UNION ASSUR. CO., Limited, OF LONDON.

District Court, S. D. New York.

Aug. 14, 1940.

Goldstein & Goldstein, of New York City, for plaintiffs.

Powers, Kaplan & Berger, of New York City, for defendant.

HULBERT, District Judge.

Plaintiffs move for a bill of particulars of five of the six separate defenses set up in the defendant's answer.

■ All of the cases relied upon by the plaintiffs were decided in the New York State courts. They are not controlling here. Pearson v. Hershey Creamery Co., D.C., 30 F.Supp. 82.

■ Contrary to the state court practice applications for bills of particulars of permissive defenses separately pleaded as distinguished from affirmative defenses have been denied. Rockwood Co. v. Northwestern Fire & Marine Insurance Co., D.C.E.D.

N.Y., 26 F.2d 824, followed in this district by Judge Woolsey in Weiner v. Sentinal Fire Insurance Co., unreported, clerk's file L.54–263; see, also, National Millwork Corp. v. Preferred Mutual Fire Insurance Co., D.C., 28 F.Supp. 952.

The distinction between the practice in the state court and the federal court is well stated by Judge Knight in Brockway Glass Co. Inc. v. Hartford Empire Co., D.C.W.D. N.Y., and United States v. Schine Chain Theatres, Inc., D.C.W.D.N.Y., both reported in 1 F.R.D. at pages 242 and 205, respectively; see, also, Knupfer v. Albertson & Co., Inc., D.C., 1 F.R.D. 257; Beatrice Brown v. Fire Association of Philadelphia, D.C., 1 F.R.D. 450; Moog v. Warner Bros. Pictures, Inc., D.C., 29 F.Supp. 479.

The action is based on a contract of insurance against loss or damage from any cause, except those specifically excluded, and is known as a "jewelers' block policy." The defendant undertook to insure the plaintiffs to the extent of $20,000, for the period of one year from October 1, 1938. The coverage was pearls, precious and semi-precious stones, jewels, jewelry, watches and watch movements, gold, silver, platinum and other precious metals and alloys and other stock usual to the conduct of plaintiffs' business, owned by the plaintiffs, and property delivered or entrusted to the plaintiffs belonging to others, while in or upon any place or premises whatsoever in the United States of America, and also while being carried or in transit, and outside of the premises of the plaintiffs when property exceeding $5,000 in value was in the custody of Betty Prutrinsky.

Plaintiffs claim to have sustained a loss under the policy for property in the custody of Betty Prutrinsky to the extent of $6,183.48 while she was on a Greyhound bus between Chattanooga, Tennessee, and Atlanta, Georgia.

Plaintiffs gave notice and filed proof of loss and timely brought this action.

As a basis for writing the policy the defendant required and the plaintiffs prepared and delivered to defendant a written proposal. It is claimed that the statements therein constituted a warranty and that the policy was issued in reliance thereon and such representations became a part thereof.

■ The first separate defense alleges that each and every one of the 11 warranties was false and well known to the plaintiffs to be false, and the second separate de-

fense alleges that by reason thereof the entire policy is void.

Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, requires that circumstances constituting fraud be stated with particularity, and paragraph eighth of the answer should be amplified in accordance with items 1 to 11, inclusive, as stated in the notice of motion.

■ There are other allegations of fraud set forth in the third separate defense arising out of statements made by Samuel Prutrinsky, Betty Prutrinsky, and Selma Prutrinsky upon an examination, pursuant to the terms of the policy, after the filing of the proof of loss. These averments are held to be sufficient. Plaintiffs are seeking evidence and not ultimate facts.

■ The fourth separate defense alleges that upon such examination plaintiff Samuel Prutrinsky failed and refused to answer pertinent questions which were material and necessary and further particulars will not be required.

■ The fifth separate defense alleges that assured warranted that a detailed and itemized inventory of all property, including salesmen's stocks, were kept in such manner that the exact amount of loss could be accurately determined therefrom by the defendant, but that the plaintiffs failed so to do. Plaintiffs are entitled to know in what respects it will be claimed by defendant that plaintiffs failed to keep such detailed and itemized inventory as warranted.

In all other respects the motion is denied.

Settle order on notice.