450

## BROWN v. FIRE ASS'N OF PHILADEL-PHIA.

District Court, S. D. New York.

Sept. 16, 1940.

Goldstein & Goldstein, of New York City, for plaintiff.

Powers, Kaplan & Berger, of New York City, for defendant.

MANDELBAUM, District Judge.

The court heretofore denied the plaintiff's motion for a bill of particulars. She now moves for reargument stating that the purpose of her motion originally was not to enable her to frame a responsive pleading, but to prepare for trial and that such procedure is permissible under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

I have re-examined the entire matter and have decided to adhere to my original ruling. The words "to prepare for trial" as contained in the language of Rule 12(e) are comprehended in the words "to prepare a responsive pleading". This construction has met with judicial approval. See Brockway Glass Co., Inc. v. Hartford Empire Co., D.C.W.D.N.Y. May 1940, 1 F. R.D. 242. Mr. Holtzoff, connected with the Department of Justice, in editing the decisions by the various federal judges throughout the country, in his work on New Federal Procedure and the Courts, 1940, at pages 35–40, expresses the view that the words "to prepare for trial" as embodied in Rule 12(e) should be deleted from the rule in order to eliminate any doubt on this point.

In addition, a word should be said with respect to the additional point raised by the plaintiff with respect to Rule 9(b) of the Federal Rules of Civil Procedure in support of its application for a bill of particulars. That rule states, in part, that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. I find, after careful examination of the defenses interposed by the defendant, that the plaintiff's contention is without merit since the defenses dealing with fraud are fully particularized and need no further elaboration. What the plaintiff is seeking is evidence and not ultimate facts. This is not permissible under Rule 9 (b).

I have also read Judge Hulbert's opinion in the case of Prutinsky v. Commercial Union Assurance Co., 1 F.R.D. 440, decided August 14, 1940, urged by the plaintiff in support of her position, and I believe it is not in conflict with my present ruling.

The reargument is granted and upon such reargument my original decision is adhered to.