POOLE v. WHITE.

District Court, N. D. West Virginia.

Sept. 11, 1941.

Mason G. Ambler, James S. McCluer, and Robert B. McDougle, all of Parkersburg, W. Va., for plaintiff.

William Bruce Hoff, of Parkersburg, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action for breach of promise. Defendant has moved for a bill of particulars, stating (1) where, precisely, in the State of New York the plaintiff resides, and when, exactly, she became a citizen of that state; (2) the month of the year and the day of the month, and the time of day or night when the plaintiff and defendant promised to marry each other, and the breach of promise occurred; (3) the particular place in the county and state where such promises were made, and when such breach of promise occurred; and (4) the names and addresses of the persons present when the promises were made and the breach of promise occurred.

At the argument of the motion counsel for defendant conceded that he was not entitled in the manner asked to have the names of witnesses by means of bill of particulars, but insists that he is entitled to the other information requested, under Rule 12(e), 28 U.S.C.A. following section 723c.

The great weight of authority is to the effect that bills of particulars should be limited to information necessary to enable the preparation of responsive pleadings, and that other information should be secured by interrogatories or discovery. Tully v. Howard et al., D.C.S.D.N.Y., 27 F.Supp. 6; Brinley v. Lewis, D.C.M.D.Pa., 27 F.Supp. 313; Brockway Glass Co., Inc., v. Hartford-Empire Company, et al., D.C. W.D.N.Y., 1 F.R.D. 242; Trounstine v. Bauer, Pogue & Co., Inc., et al., D.C.S.D. N.Y., 1 F.R.D. 363; Brown v. Fire Association of Philadelphia, D.C.S.D.N.Y., 1 F.R.D. 450; Courteau v. Interlake Steamship Co. et al., D.C.W.D.Mich., 1 F.R.D 429; Egyes v. Magyar Nemzeti Bank et al., D.C.E.D.N.Y., 1 F.R.D. 498.

In my opinion, the phrase "to prepare for trial" in Rule 12(e) is comprehended in the phrase "to prepare his responsive pleading", and should be stricken out of the rule. To the same effect, see the following cases: Courteau v. Interlake Steamship Co. et al., supra; Brown v. Fire Association of Philadelphia, supra; Trounstine v. Bauer, Pogue & Co., Inc., et al., supra; Brockway Glass Co., Inc., v. Hartford-Empire Company et al., supra.

As stated by Mr. Holtzoff in his valuable book entitled "New Federal Procedure and the Courts", page 36, "Obviously, if such a motion is appropriate only before joinder of issue, it seems premature to afford to a party opportunity to secure data that may be needed in preparation for the trial but are not required to enable him to plead".

There has been a tendency on the part of the courts to strictly construe Rule 12(e), and to permit bills of particulars only where the information desired is necessary to prepare the responsive pleadings. In view of the general mandate of Rule 8 that the pleading contains a short and plain statement of the claim or defense, the provision for narrowing the issues by pretrial conference under Rule 16, and the broad terms of Rules 26 to 37 concerning discovery, in my opinion, such strict construction of Rule 12(e) is justified.

The information requested is not necessary to prepare answer, and the motion is therefore denied.