**MINNESOTA MINING & MANUFACTURING CO. et al. v. CARBORUNDUM CO.**
**No. 273.**

District Court, D. Delaware.

Jan. 23, 1943.

**6**

John Pearce Cann, of Wilmington, Del., and Harold J. Kinney, of St. Paul, Minn., for plaintiffs.

Arthur G. Connolly, of Wilmington, Del., and George E. Stebbins, of Pittsburgh, Pa., for defendants.

LEAHY, District Judge.

Two motions are for consideration. The first is a motion by defendant E. I. duPont de Nemours & Company[1] under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss as to it the complaint filed on October 19, 1942, pursuant to R.S. § 4915, 35 U.S.C.A. § 63, which seeks a decree authorizing the Commissioner of Patents to issue a patent to plaintiffs. The Examiner of Interferences and the Board of Appeals of the Patent Office rendered a decision on interference proceedings adverse to plaintiffs' application Serial No. 222,490 and in favor of patent No. 2,111,006, now owned by defendant Carborundum. After argument, I dismissed the complaint as to duPont because it appeared it had neither legal nor beneficial interest in the patent, was not a licensee thereunder, and hence was not an adverse party.[2]

Carborundum filed its motion under Rule 12(f) to strike paragraphs 13 to 44 of the complaint on the grounds that under Rule 8(a) they were immaterial, impertinent, plead objectionable evidentiary facts, and called for a construction of claims.

Defendant's patent issued on application filed December 10, 1936 by one, Norman P. Robie. Plaintiffs' application is dated August 1, 1938. Hence, Robie's application enjoyed a presumption of priority, and the burden of proof indicating some inventive act prior to this filing rested on plaintiffs. During the prosecution and in order to meet this burden, plaintiffs relied on a co-pending application (Serial No. 558,872) filed August 24, 1931 by Oakes, assignor of plaintiffs; and attempted to prove that the co-pending application disclosed subject matter embraced by the counts in issue. This endeavor failed. Defendant argues that in many instances paragraphs 13 to 44 of the complaint contain phraseology taken from plaintiffs' parent application. As the pleadings do not contain the prior application, I pass the point.

But paragraphs 13 to 36, 40, 41 and 42 contain such statements as "The counts of said interference[3] * * * embrace and encompass * * * etc. * * * *" These allegations do not call for a responsive pleading. They call for a construction of the claims. Indeed, whether statements of this type would be admissible at trial is doubtful.[4] Paragraphs 19, 20, 37, 39, 42, 43, and 44 plead evidence. This is not proper practice. C. F. Simonin's Sons, Inc., v. American Can Co., D.C., 30 F.Supp. 901.

Plaintiffs' justification for complaint paragraphs 13 to 44 is to simplify

---

[1] E. I. duPont de Nemours & Company will be referred to as "duPont"; the Carborundum Company as "Carborundum"; Minnesota Mining & Manufacturing Company as "Minnesota"; and Byron J. Oakes as "Oakes."

[2] Cf. United States v. Washington Institute of Technology, Inc., D.C., 47 F. Supp. 384.

[3] The interference counts correspond with claims 18 to 27 of plaintiffs' application, and with claims 1 to 10 of defendant's patent.

[4] "A statement of a witness that a particular thing does or does not infringe a particular patent, is inadmissible in evidence, because that statement includes a construction of the patent, and construction of a patent is the duty of the courts and not experts." Walker, on Patents (Deller's Ed.) p. 2020.

the issues, and to prevent surprise at trial. I am quite aware of decisions which hold that motions to strike parts of a complaint are not favored; but I am of the view that as the Rules of Civil Procedure have done so much to do away with the prolix and tautological design of common law pleading, parties should avail themselves of the appropriate Rule or Rules if they desire to narrow issues and prevent surprise at trial. Moreover, if defendant's answers to these paragraphs will be as plaintiffs think they might be, then plaintiffs state they may abandon the present suit. This is no ground for including the paragraphs in the complaint.

In Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635, this Circuit stated the correct function of a complaint, viz.: "To afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved." Paragraphs 1 to 12 and the prayers for relief, placing the issue under R.S. § 4915 before the Court, certainly meet this test. The 32 additional paragraphs are unnecessary to plead properly the simple issue of priority of invention. In the light of the spirit of the new Rules of Civil Procedure—concise and simple pleading—paragraphs 13 to 44 should be stricken.

Let an order be submitted.