## UNITED STATES v. SCHUCHHARDT.
### No. 164.

District Court, N. D. Indiana,

Fort Wayne Division.

Feb. 3, 1943.

Alex M. Campbell, U. S. Atty., of Fort Wayne, Ind., for plaintiff.

C. Byron Hayes and Otto E. Grant, both of Fort Wayne, Ind., for defendant.

DUFFY, District Judge.

This is an action pursuant to Sec. 338 of the Nationality Act of 1940, 8 U.S.C.A. § 738, for the purpose of setting aside the order admitting the defendant to citizenship, and of canceling his certificate of naturalization.

The matter now for disposition consists of two motions made by the defendant. The first motion is to dismiss the action for

the reason that no supporting affidavit was filed with the petition and no copy of same was served upon the defendant, and on the further ground that the petition does not state facts sufficient to constitute a cause of action against the defendant.

After the commencement of this action, the United States District Attorney (so designated in the Act), after a conference with attorneys for the defendant, filed and furnished to defendant's counsel a copy of an affidavit by Robert H. Klett, a special agent for the Federal Bureau of Investigation; and thereafter, upon representations by defendant's counsel that the affidavit was insufficient, the United States District Attorney filed an amended affidavit by one Claude K. Lee, likewise a special agent for the Federal Bureau of Investigation, and furnished defendant's counsel with a copy of same.

 If it were a condition precedent that an affidavit must be presented to the United States District Attorney, and that such an affidavit be filed, I am of the opinion that this defect was cured by the filing and serving of the affidavits heretofore referred to. However, the United States District Attorney had full authority to institute an action of this kind without the filing of any affidavit. The United States claims in this action that the defendant obtained his citizenship papers by fraud, and that it granted defendant his certificate of naturalization based upon false representations and statements made by him. Certainly the government, having been apprised of this information, and believing the same to be true, would not have to stand by helpless until someone filed an affidavit with the United States District Attorney. The affidavit mentioned in the statute is not jurisdictional. This is the holding of the court in Schwinn v. United States, 9 Cir., 112 F.2d 74.

 As to the second ground of the motion to dismiss, the petition alleges facts sufficient to state a cause of action against the defendant, and therefore the motion to dismiss must be denied.

The second motion presented by the defendant is made pursuant to Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and asks that the plaintiff furnish a more definite statement of the nature of its claim against the defendant. An examination of the petition shows that, after giving the dates when the defendant filed his declaration of intention and his petition for naturalization and the date of taking his oath and setting forth the form of the oath, it alleges in substance that on June 10, 1930, the Circuit Court of Allen County, Indiana, relying on the truth and good faith of the representations made by the defendant in his declaration of intention and his petition for naturalization and his oath of allegiance, entered its order admitting him to citizenship in the United States, and that, thereupon, certificate of naturalization was issued to him by the clerk of said court.

The petition further sets forth that all of the representations aforesaid made by the defendant were false and fraudulent in that defendant was not in fact attached to the principles of the Constitution of the United States at the time of the filing thereof nor during the five years prior thereto; in that the defendant did not in good faith intend to renounce absolutely and forever all allegiance and fidelity to the German Empire of which he was then a subject, but in fact intended to retain allegiance and fidelity to the said German Empire; and in that he did not in fact intend to reside permanently in the United States. The petition further sets forth that the representations by the defendant in his oath of allegiance were likewise false and fraudulent in that he did not in fact renounce and abjure all allegiance and fidelity to the said German Empire; in that he did not in fact intend to support the Constitution and laws of the United States against all enemies, foreign and domestic; and in that he did not in fact intend to bear true faith and allegiance to the same, but in fact did intend to remain a subject of the German Empire and to maintain his allegiance thereto.

 Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief to which he deems himself entitled.

If the requests of the defendant were granted, the government would have to set out in much detail the evidence that it expects to present at the trial. This would

manifestly be improper as a part of plaintiff's pleading.

While it is true that Rule 9(b) provides that in averments of fraud the circumstances constituting the fraud shall be stated with particularity, the same rule provides: "Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The burden upon the plaintiff in this case is to ascertain the state of mind of the defendant upon the date when he took the oath referred to in the petition and received his certificate of naturalization. Nobody knows better as to what the state of mind of the defendant was than the defendant himself. The defendant cannot be laboring under any handicap because of the nature of plaintiff's pleading.

Counsel for defendant has expressed apprehension and uncertainty as to the nature of the proof of the plaintiff. I called a pre-trial conference under Rule 16, at which time the attorneys for the plaintiff disclosed to the defendant's counsel the nature of the evidence which they would introduce upon the trial.

The motion of the defendant for a more definite statement will be denied.