## KRAFT v. R. H. MACY & CO., Inc., et al.

District Court, S. D. New York.
March 30, 1943.

Skutch & Burton, of New York City, for plaintiff.

Lauterstein, Spiller, Bergerman & Dannett, of New York City, for defendant.

GODDARD, District Judge.

It is the general practice of this court to require a nonresident plaintiff to furnish security for costs. Long v. Stites, 6 Cir., 63 F.2d 855, at page 868; Cavicchi v. Mohawk Mfg. Co., Inc., D. C., 27 F. Supp. 981. It does not appear that it would be inequitable in the case at bar to follow the general practice. Motion for security for costs granted.

The allegations in Paragraphs "24" and "25" of the complaint to the effect that the defendants advised plaintiff that plaintiff would be paid $3,000 and be released from all obligations to them if he would return their merchandise and discontinue the sale of it at his stores, which he refused to accept because his damages were greatly in excess of that amount, are in substance allegations of an offer of settlement and rejection which is not material or relevant to the issues presented by the complaint. An offer of settlement is not admissible in evidence. Tennant v. Dudley, 144 N.Y. 504, 39 N.E. 644. The motion to strike Paragraphs "24" and "25" is granted.

The rule generally followed in this court is that a bill of particulars will not be granted as an aid in preparation for trial. Tully v. Howard et al., D. C., 27 F.Supp. 6, and will be granted only to the extent necessary to enable the moving party to plead. Poole v. White, D. C., 2 F.R.D. 40.

The allegations in the complaint are quite general and indefinite. A bill of particulars should clarify the charges and enable the defendants to properly plead. Forstmann et al. v. Wenner-Gren, D.C., 1 F.R.D. 775. This is not an action for conspiracy with many defendants as in the case of Mulloney v. Federal Reserve Bank of Boston, D. C., 26 F.Supp. 148, cited by defendants, and it does not appear that defendants require the names of their agents or representatives who acted in the matter to enable them to plead.

Plaintiff's demand for bill of particulars is granted with respect to items "A", "B", "C", "E", "F", "H", "I", "J" of the notice of motion except that plaintiff is not required to state where and what individual acted in behalf of defendants; also in respect to item "D" except subdivision "2(c)" thereof. But plaintiff is not required to state where and what individual acted in

behalf of defendants as demanded in item "D" subdivision "4(a)." The motion respecting items "G" and "K" is denied.

Settle order on notice.