BEST FOODS, Inc., et al. v. GENERAL MILLS, Inc.

Civ. No. 321.

District Court, D. Delaware.

Nov. 23, 1943.

George I. Haight (of Haight, Goldstein & Hobbs), and William T. Woodson (of Rogers, Woodson & Rogers), both of Chicago, Ill., and Clarence A. Southerland (of Southerland, Berl & Potter), of Wilmington, Del., for plaintiffs.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., and H. D. Nims (of Nims & Verdi) and Vermont Hatch and J. A. Murphy (of White & Case), all of New York City, for defendant.

LEAHY, District Judge.

The motion for consideration is by defendant under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement of matters averred in paragraphs 9, 13 and 14 of the complaint.

Plaintiffs manufacture commercially prepared oats under various trade names. Defendant's product is a ready-to-eat breakfast food called "Cheerioats". Plaintiffs seek to prevent defendant from using the word "oats" because defendant's product is not oats; it does not contain the qualities which defendant claims for it; defendant, by misnaming its product and claiming it has the qualities of plaintiffs' products, is attempting to take "a free ride" on plaintiffs' efforts and the reputation of their products; defendant's conduct is in violation of apposite statutes and plaintiffs' common-law rights; and, defendant's conduct is not only in violation of plaintiffs' "legally protected interests", but is actionable as unfair competition.

For convenience of consideration, three parallel columns are utilized to show (1) the pertinent allegations of paragraphs 9, 13 and 14; (2) defendant's argument as to the effect of plaintiffs' language; and (3) defendant's reasons why the complaint allegations are of such indefiniteness as to require further particularization:

In support of a more definite statement from paragraphs 9 and 13 defendant argues it will be required to indulge at great financial cost in vast research work to meet claims which may never be presented at trial; and, if it fails to make such experiments, it runs the chance of being unable to meet claims which plaintiffs might make

---

"9. Defendant's product, which it now describes as 'Cheerioats', is a multiple ingredient, ready-to-eat food made by a process which destroys many of the natural nutritive values of the oat grain, some but not all of which are represented by the defendant to be synthetically restored. Defendant's product is not oats; it possesses neither all nor the same nutritional values of oats."

This allegation, inter alia, is that defendant's product is a multiple ingredient, ready-to-eat food which (1) is made by a process which destroys *many* of the natural nutritive values of the oat grain; (2) is not oats; (3) does not possess "all" the nutritional values of oats; and (4) does not possess the "same" nutritional values as oats.

What nutritive values *are claimed* to be destroyed? What nutritive values are absent from defendant's product when compared with oats? What nutritive values are present in defendant's product and absent from oats? Does the reference to "nutritive" and "nutritional" values mean qualitatively or quantitatively?

---

"13. Plaintiffs state that defendant's product, which it falsely masquerades as oatmeal in ready-to-eat form and which it represents as having the nutritional values of oatmeal, is not as nutritious as oatmeal, does not possess the same or all of the nutritional values of oatmeal * * *."

Plaintiffs allege inter alia, that defendant's product (1) "is not as nutritious as oatmeal;" (2) does not possess the "same" nutritional values as oatmeal; and (3) does not possess "all" of the nutritional values of oatmeal.

Defendant's product is compared with oatmeal. How, or in what respects, is it claimed that oatmeal is more nutritious than Cheerioats? What nutritional values are claimed to be present in oatmeal but absent from Cheerioats? What nutritional values are claimed to be present in Cheerioats but absent from oatmeal? What is lacking in Cheerioats making it less nutritious than oatmeal? Are the deficiencies in calcium, iron, niacin, protein, thiamine or in some other vitamin or mineral or otherwise?

---

"14. * * * Plaintiffs state that the substitution of defendant's product for the oats manufactured by plaintiffs may be injurious to the health of consumers, particularly of growing children, because said product is not oats and is not as nutritious as oats."

What is the nature of the injury which plaintiffs *claim* may result, either to growing children or to adults?

at trial and which cannot now be known from the language of paragraphs 9 and 13. As for paragraph 14, defendant contends that if it is required to make a blanket denial in its answer to the complaint it will not know until trial the type of injury to consumers and growing children particularly, plaintiffs will attempt to prove under this paragraph.

Since the adoption of the Rules of Civil Procedure in 1937, there is a growing lack of uniformity in the cases which have dealt with Rule 12(e). But there can seldom, if ever, be homogeneity of judicial decision where the result depends on the exercise of each court's discretion. Rule 12(e) is but one of many which is directed to simplify procedure;[1] hence, when Rule 8(a) directs a "short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 8(e) states that "each averment of a pleading shall be simple, concise, and direct", the sought simplicity and speed of bringing a cause to trial will be subverted if greater emphasis is granted to one rule, for example Rule 12(e), over another. In view of the fact that the new rules open new approaches to discovery and afford other techniques to drive the adversary's case out into the open before trial, it has been suggested that the bill of particulars device be abolished.[2] On the other hand, the function of the complaint has been concisely defined, at least in this circuit.[3]

Obviously, the complaint here gives more than a general indication of the type of litigation involved as acts of unfair competition arising from misnaming of defendant's product and false statements concerning the nature and qualities of that product are alleged. In any event, the matters which defendant seeks are not to "properly prepare his responsive pleading". True, the rule looks to particulars in order

that defendant may "prepare for trial". But, these latter words, I think, are not properly contained in the rule in the sense in which they have sometimes been construed. Rule 12(e) was not inserted into the new federal procedure so that it might have an exploratory and preliminary function of discovery.

In order to "prepare for trial" connotes evidentiary material; and relief under Rule 12(e) should be limited to allegations in a complaint which are so ambiguous that a defendant is unable to determine the *issues* he must meet. Wisconsin Alumni Research Foundation v. Vitamin Technologists, Inc., D.C., 1 F.R.D. 8; United States v. Schine Chain Theatres, Inc., D.C., 1 F.R.D. 205; Knupfer v. Albertson & Co., Inc., D.C., 1 F.R.D. 257; Pearson v. Hershey, etc., Co., D.C., 30 F. Supp. 82; Kellogg Co. v. National Biscuit Co., D.C., 38 F.Supp. 643; Poole v. White, D.C., 2 F.R.D. 40; Fleming v. Mason & Dixon Lines, Inc., D.C., 42 F.Supp. 230. Rule 12(e) is no longer a court favorite. Liberal construction of the other methods of obtaining pre-trial discovery should be followed in an attempt to encourage the bar to utilize such other means.

If defendant fears surprise at trial, means are available, in a proper manner and at a proper time, to procure the evidentiary material it now seeks to elicit by its motion under Rule 12(e). With respect to plaintiffs' charges concerning defendant's product, it is only reasonable to conclude that defendant is aware of the contents of its own product and is familiar with the processes used in its manufacture before it named the product, marketed and advertised it. Data sought under Rule 12 (e) is always denied when the information sought is peculiarly within the knowledge of the moving party. Louisiana Farmers' Protective Union v. Great A. & P. Co., D.

---

[1] E. I. Dupont de Nemours & Co. v. Dupont Textile Mills, 26 F.Supp. 236.

[2] "Events already indicate that these bills *ought to be abolished altogether*," Charles E. Clark, J., 25 A.B.A. Jour. 22; Moore, Federal Practice, Supp.1942, § 12.-07, p. 649; and Watkins, J., in Poole v. White, D.C., 2 F.R.D. 40. See, too, Clark, 15 Tenn.L.Rev. 506; Manual of Federal Procedure (West Pub. Co. 1940) 77; Brinley v. Lewis, D.C., 27 F.Supp. 313; Zoller v. Smith, D.C., 1 F.R.D. 182; Pearson v. Hershey Co., D.C., 30 F.Supp. 82; Westmoreland Asbestos Co. v. Johns Manville Co., D.C., 30 F.Supp. 389.

[3] Continental, etc., v. Shober, Jr., 3 Cir., 130 F.2d 631, 635: "* * * to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved." See, too, Minnesota, etc., Co. v. Carborundum Co., D.C.Del., 3 F.R.D. 5. In Thompson-Starret Co. v. Chicago, etc., D.C., 3 F.R.D. 68. it was said: "A defendant is not entitled to a bill of particulars if the complaint is sufficiently explicit to enable the defendant to know with what he is charged and to answer yes or no, to admit or deny, or to explain the charges made against him."

C., 31 F.Supp. 483; Kraft Corrugated Cont. v. Trumbull Asphalt Co., D.C., 31 F.Supp. 314.

Conclusion. The complaint performs its true function under Rule 8(a, e). Defendant is not unable, at this time, to file a responsive pleading. The data it now seeks is of an evidentiary nature which will be—if it not already is—available to defendant if proper use of other means of pre-trial discovery under the rules is made.

Motion denied.