**DRESKIN v. ZINKIN et al.**

District Court, S. D. New York.
July 25, 1946.

Shaine & Weinrib, of New York City (Jack Gross, of New York City, of counsel), for plaintiff.

Albert Paul Wollheim, of New York City, for defendants.

KNOX, District Judge.

Defendants here move for a bill of particulars pursuant to Federal Civil Procedure Rule 12(e), 28 U.S.C.A. following section 723c. Plaintiff asks leave to examine defendants before answer pursuant to Rule 26(a).

The extent to which particulars will be ordered in a given case rests within the Court's discretion. McKenna v. United States Lines, D.C., 26 F.Supp. 558. Where the allegations of a complaint are broad and indefinite, such particulars as will enable the defendant to plead intelligently may be allowed. Kraft v. R. H. Macy & Co., D.C., 3 F.R.D. 54. However, requests for particulars that call for evidence rather than ultimate facts will be denied. Prutinsky v. Commercial Union Assur. Co., D.C., 1 F.R.D. 440. They will likewise be denied with respect to the allegations of the complaint which are definite and specific, and as to which further information may be obtained by means of an examination before trial. Rosenblum v. Dingfelder, D.C., 1 F.R.D. 179, 180. If plaintiff is unable to respond to a demand for particulars because of lack of knowledge that is obtainable only through an examination before trial. of defendants, or their books and papers, she need not do so. Muldowney v.

Seaberg Elevator Co., Inc., D.C., 1 F.R.D. 605; Knupfer v. Albertson & Co., Inc., D.C., 1 F.R.D. 257, 258. Defendants, nonetheless, are entitled to know, in order to answer the complaint, whether the contracts and agreements on which her claims are based, were oral or in writing, and in either event, the terms or substance thereof. D.L.Stern Agency, Inc., v. Mutual B. & H. & Acc. Ass'n, D.C., 43 F.Supp. 167, 170. Forstmann v. Wenner-Gren, D.C., 1 F.R.D. 775, 777. However, plaintiff is not now required to itemize the damages arising from the alleged breach of her contract. Riegel v. Hygrade Seed Co., Inc., D.C., 47 F.Supp. 290, 295.

In the light of these observations, plaintiff should furnish particulars in compliance with defendants' requests numbered 1, 2, 3, 5, 10 and 11. In all other respects, defendants' motion is denied.

Plaintiff's cross motion, which seeks to take the deposition of defendant Zinkin before answer, is denied. So far as her present showing goes, I am far from satisfied that this is an exceptional or unusual case in which there is need for discovery before answer. After answer, she can, as a matter of course, take his deposition. See Seeman v. Leibovitz, D.C., 1 F.R.D. 280.