incapacitate B so that he can not earn money to pay his promised rent to his landlord C. Even if A knew all these facts when he injured B, A is not liable to C. Of course neither the supposititious case nor the evidence in the case at bar includes the further fact that injury to the landlord was the deliberate objective of defendant's conduct.

Recovery is also deniable on the ground that the leases made by Momand Realty Corporation were not peculiarly favorable to it, and the loss of tenants under such circumstances creates no damage to the landlord (R. 833).

The claim is also barred by the Oklahoma judgment in Oklahoma 6516 which operates as res judicata. Myers v. International Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165.

### Count 10

The view of the evidence on Count 10 most favorable to plaintiff is this.

Plaintiff claims to be the assignee of Momand Theatres, Inc. but the assignment was referred to only once in the evidence and then obscurely. (R. 489, 490. Cf. R. 1180).

That company was organized January 1, 1929 (R. 963) (which is a date later than that from which the jury calculated interest). It entered into arrangements with plaintiff's various operating companies as a result of which it bought and booked pictures for the companies and furnished service to them. (R. 963). It received compensation of approximately 6% of the gross receipts of the operating companies. (R. 964). This compensation was in 1929 $38,945.42; in 1930, $42,784.00; and in 1931, $18,780.97. (R. 964). The reason for the decrease in those payments was "the decreased gross receipts of the operating companies and the inability of some of them to continue functioning." (R. 964, 965. See also Pl. Ex. 30, 32, 34, 36, 39, 40, 42, 44).

That company also sustained losses through the decline in the value of its investments in operating company but "the plaintiff concedes that he is not entitled to recover for losses incurred by Momand Theatres, Inc., as a stockholder or creditor of any of the operating companies." (Pl. Br. p. 93).

Nor can plaintiff recover for the other losses represented by diminution of income from its management fees. The reasons are: (1) since, as explained in the analyses of counts 1–8, plaintiff can not recover for losses sustained by the operating companies plaintiff can not both as a matter of fact and as a matter of law recover for the derivative losses sustained by the management company; and (2) the claim is also barred by the Oklahoma judgment in Oklahoma Law 6516 which operates as res judicata. Myers v. International Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165.

## PORTER v. SHOEMAKER.

### Civ. No. 2723.

District Court, M. D. Pennsylvania.

Feb. 1, 1947.

Paul E. Pendel, Dist. Enforcement Atty., and Stephen E. Gombar, Chief, Food Section, Enforcement Division, both of Scranton, Pa., for plaintiff.

Walter Hill, Jr. (of O'Malley, Harris, Harris & Warren), of Scranton, Pa., for defendant.

MURPHY, District Judge.

Plaintiff seeks treble damages for violation of price regulations charging defendant with having sold and delivered within a three month period 21287.14 pounds of turkey at overceiling prices.

Defendant claims inability to plead to or prepare a defense against such charge unless the complaint specifies in each sale the price charged, the maximum price, the excess charged, number of pounds, names of purchasers and dates of sale and delivery. Defendant claims the facts set forth are meaningless.

Plaintiff answers the facts are purely within defendant's knowledge, that plaintiff obtained them from defendant's books and records, and that plaintiff would supply defendant with all information in plaintiff's possession.

Defendant insists that all facts should be set forth in the pleadings. He argues against "the basic philosophy which requires only notice pleading", further that under this philosophy pleadings no longer serve the function nor achieve the purpose for which they were designed many years ago. Defendant contends a pleading under this "modern philosophy" achieves no issue of fact, gives no definite boundary lines limiting the scope and subject matter of the lawsuit; and again "the rule was not intended to abolish the time tested function of pleadings ........ to the end that an issue be framed within a specified scope ............"

Perhaps no provision of the new rules 28 U.S.C.A. following Section 723c has engendered more controversy than the provision set forth in Rule 8(a) (2) that a pleading shall contain a short and plain

statement of the claim showing that the pleader is entitled to relief.[1]

However, at this late date it may seem hardly necessary to cite cases which have established a doctrine, an understanding and an interpretation contrary to the position taken by the defendant.[1a]

■ The whole theory with respect to the functions of pleading is changed. Under the equity practice the function was to plead facts and to frame the issues. Under the new rules, the purpose of the pleadings is to give notice of what an adverse party may expect to meet. The broadening of the discovery rules and other pretrial procedure is designed to define the issues and obtain the facts.[2]

The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required. Securities and Exchange Commission v. Time-trust, Inc., D.C.N.D.California S.D., 28 F.Supp. 34, 41.[3]

The rules require brevity, clarity and simplicity in statement of the essential facts upon which the claim for relief rests.[4]

■ By omitting the requirement contained in Equity Rule 25, 28 U.S.C.A. § 723 Appendix that the pleader shall state the ultimate facts upon which he relies for relief the new rules did not dispense with or discard the necessity of averring facts essential to the statement of a cause of action.[5]

It is not that the pleadings are to be more notice pleadings without the facts essential to constitute a cause of action but

---

[1] Pleadings, Motions, Parties and Pre-Trial Procedure, address by Hon. H. Church Pord, U.S.D.J., E.D.Ky. at Judicial Conference, 6th Circuit, January 12, 1940, 1 F.R.D. 315.

[1a] The proposed amendments submitted to the 80th Congress contain no change in Rule 8 notwithstanding the rules have been in effect since September 16, 1938, 28 U.S.C.A. following Section 723c.

See Advisory Committee Report, 5 F.R.D. 433, at page 444, in discussing Rule 12(e), "References in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for a more definite statement, to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose." A recommendation was made that the words "or to prepare for trial" be stricken from the rule. The United States Supreme Court adopted the foregoing recommendations by forwarding the suggested changes in the rules to the Attorney General for submission to the 80th Congress.

[2] Changes in Federal Practice Resulting from the Adoption of the New Federal Rules of Civil Procedure, address by Charles C. Montgomery, author of Montgomery's Manual of Federal Jurisdiction and Procedure, at Judicial Conference, Ninth Circuit, July 30, 1940, 1 F.R.D. 337, at page 339, "The equity rules of 1913, 28 U.S.C.A. following Section 723, twenty-seven years ago, abolished technical forms of pleading, required simple statements of claims * * *." "* * * The new rules of Civil Procedure, 28 U.S.C.A. following Section 723c, do not set up a new procedure, but a revised procedure * * * adopting change of theory as to the functions of pleadings and discovery * * *."

[3] Cited by Ford J. in note 1, supra, 1 F.R.D. at page 318. See also Trends in Federal Law and Procedure by Hon. Grover M. Moscowitz, U.S.D.J., E.D. N.Y., 5 P.R.D. 361 at page 366. These motions should not be employed to unduly expand the pleadings, discovery and depositions being the proper methods for obtaining all information outside the category of ultimate facts. See also Moore's Federal Practice, Vol. 1, p. 440.

[4] Ibid.

[5] See note 1, supra 1 F.R.D. at page 316, discussing remarks of a member of the Advisory Committee on Rules, Dean Clark, now Judge Clark of the Second Circuit. What these rules do emphasize with respect to the contents of pleadings is that any plain telling of the story that shows that the pleader is entitled to relief upon the grounds that he states is sufficient to bring the pleader's case into court. See general article for an excellent discussion of what facts must be pleaded, particularly at pages 316, 317 of 1 F.R.D., as well as a discussion of the views of Palmer D. Edmonds.

that the pleadings contemplated by the rules follow a general philosophy which is that detail, fine detail in statement, is not required.[6]

■ When it is obvious that the moving party seeks merely to use the motion for a more definite complaint under Rule 12(e) to secure evidence, admissions or details the courts have, in most cases, denied the use of the motion for that purpose and have left the parties to the use of other devices provided by the rules which are better adapted to such purposes.[7]

To ascertain the facts the broad rules of discovery supersede the old pleading theory of framing issues of fact by the pleadings.

For a pertinent illustrative case see Bowles v. Cook Cheese Company, D.C. W.D. Wisconsin, 6 F.R.D. 442, holding a complaint in an action by the Price Administrator to recover treble damages for violation of price regulations is not required to allege specific amounts of overcharges, names of purchasers or dates of sales.

■ The complaint should set forth ultimate facts. Ordinarily evidentiary facts which tend to prove the ultimate facts have no place in a pleading. United States v. Schuchhardt, D.C.N.D. Indiana, 48 F.Supp. 876, 877. Braden v. Callaway, D.C.E.D. Tenn., 4 F.R.D. 147. Poole v. White, D.C. N.D. W.Va., 2 F.R.D. 40. Rosenblum v. Dingfelder, D.C.S.D.N.Y., 1 F.R.D. 179. Knupfer v. Albertson & Co., Inc., D.C.W. D.N.Y., 1 F.R.D. 257. Trounstine v. Bauer, Pogue & Co., D.C.S.D.N.Y., 1 F.R.D. 363. Steingut v. Guaranty Trust Co. of New York, D.C.S.D.N.Y., 1 F.R.D. 723. Brown v. Fire Association, D.C.S.D.N.Y., 1 F.R.D. 450.

■ A bill of particulars should be denied where the information sought is peculiarly within the knowledge of the moving party. Kraft Corrugated Containers, Inc., v. Trumbull Asphalt Co., D.C., 31 F. Supp. 314; William F. Luebke Co. v. Mandardt, D.C., 37 F.Supp. 13; Saxton v. W. S. Askew Co., D.C., 38 F.Supp. 323.

As to decisions of the court for the Middle District of Pennsylvania see opinion Watson, J. in Bowles v. Brookside Distilling Products Corporation et al., D.C., 60 F.Supp. 16; Pearson v. Hershey Creamery Co., D.C., 30 F.Supp. 82, 83.[8]

As to the Eastern District of Pennsylvania see Adams v. Hendel, D.C.E.D.Pa., 28 F.Supp. 317, 318. Sure Fit Products Co. v. Med. Vogue Corporation, D.C.E.D. Pa., 28 F.Supp. 489, stating the practically unanimous view where there is a request to place evidentiary matter in the pleadings.

See also the view of the Circuit Court of Appeals for the Third Circuit. Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 103 F.2d 843. A plaintiff need not plead evidence since he sets forth a claim for relief when he makes a short and plain statement showing that he is entitled to relief. And finally we note the words of Mr. Justice Murphy in the recent case of Hickman v. Taylor, 67 S.Ct. 385, 388, holding inter alia as follows: "The pre-

---

6 Ibid.

7 Id. 1 F.R.D. at page 321. In most of the cases the motion has been denied except where the complaint is defective in that it is so ambiguous or contains such broad generalization that the defendant cannot frame an answer thereto or understand the nature and extent of the charges. Brinley v. Lewis, D.C., 27 F.Supp. 313.

8 "Motions filed under Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, will be granted only where their object is to amplify pleadings which are so insufficient that either an answer cannot be prepared in resonse thereto or the Defendant cannot prepare for trial. If these conditions do not exist, the motion will be refused regardless of the rules and decisions relating to similar motions under the practice existing prior to the present rules of civil procedure. Bills of particulars or more definite statements are no longer necessary to prevent surprise at the trial nor are they necessary to limit or define the issues. The methods for discovery available to parties under the present rules place the pleader's information almost entirely within the control of opposing parties. Surprise at the trial has now become almost impossible where careful use is made of Rules 33 to 37."

trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior Federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings.[2] Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method.[3] The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.[4]"

In view of the foregoing, it is the judgment of the Court that the defendant has been appraised that he is charged in the complaint with having charged over-ceiling prices for a quantity of turkey between the dates specified in the complaint.

There is sufficient alleged to require and to enable the defendant to make a denial of all the charge or to admit the charge in whole or pro tanto.

Now, this 1st day of February, 1947, the motion of the defendant for a more definite complaint is denied and the Defendant is hereby ordered to file an answer to the complaint within 10 days from the date of this order.

---

[2] " 'The great weakness of pleading as a means for developing and presenting issues of fact for trial lay in its total lack of any means for testing the factual basis for the pleader's allegations and denials.' Sunderland, 'The Theory and Practice of Pre-Trial Procedure,' 36 Mich.L.Rev. 215, 216. See also Ragland, Discovery Before Trial (1932), ch. 1."

[3] "2 Moore's Federal Practice (1938), § 26.02, pp. 2445, 2455."

[4] "Pike and Willis. 'The New Federal Deposition-Discovery Procedure,' 38 Col.L.Rev. 1179, 1436; Pike, 'The New Federal Deposition-Discovery Procedure and the Rules of Evidence,' 34 Ill.L. Rev. 1."