**In re Thomas K. BLAKESLEE and Patricia A. Blakeslee, t/d/b/a Blake's Corner, Debtors.**

**Thomas K. BLAKESLEE and Patricia A. Blakeslee, t/d/b/a Blake's Corner,**

v.

**UNION BANK AND TRUST COMPANY, Appellant.**

**Civ. A. No. 82–1214.**

United States District Court, M.D. Pennsylvania.

April 29, 1983.

Deborah A. Hughes, Harrisburg, Pa., for plaintiffs.

John T. Pfeiffer, III, Pottsville, Pa., for appellant.

## MEMORANDUM

RAMBO, District Judge.

Thomas K. Blakeslee and Patricia A. Blakeslee t/d/b/a Blake's Corner filed a petition in bankruptcy on August 14, 1980 under Chapter 7 of the Bankruptcy Code. On or about August 15, 1979 the debtors obtained a loan of $8,997.12 from Union Bank and Trust Company. The loan was evidenced by a judgment note. The bank took a judgment lien on certain real property owned by the debtors. The bank's judgment lien was junior to a mortgage lien held by another bank.

On or about February 19, 1981 the debtor commenced an adversary proceeding which sought to have the Union Bank's claim held unsecured under 11 U.S.C. § 506(a) and then voided under 11 U.S.C. § 506(d). On or about February 23, 1981 Union Bank filed a motion to dismiss for failure to state a claim upon which relief can be granted. R.Bankr.Proc. 712. The debtors filed a response which included a request to be allowed to amend their pleading. On or about April 27, 1981 the debtors filed a proof of claim on behalf of Union Bank. See 11 U.S.C. § 501(c).

On August 6, 1982 the Bankruptcy Court apparently decided the adversary proceeding on the merits. Neither Union Bank's motion to dismiss nor the debtor's motion to amend had been acted on by the bankruptcy court. Union Bank has appealed from the bankruptcy court's order of August 6, 1982.

Rule 712 of the Rules of Bankruptcy Procedure incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. The purpose of Rule 12 is "to expedite and simplify proceedings in the Federal Courts, and it is the aim of the various courts to so interpret them as to work substantial justice in all cases." *E.I. DuPont de Nemours & Co. v. DuPont Textile Mills, Inc.,* 26 F.Supp. 236 (M.D.Pa.1939). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Peck v. Hoff,* 660 F.2d 371, 374 (8th Cir.1981).

The motion by Union Bank to dismiss for failure to state a claim should have been considered prior to a decision on the merits. If the complaint commencing the adversary proceeding was insufficient, then substantial justice would require that the merits not be reached until a proper, substantial complaint had been filed.

The order of the bankruptcy court issued on August 6, 1982 will be vacated and the matter will be remanded for further pro-

ceedings which fully considers Union Bank's motion to dismiss. Because of the remand, it is not necessary for this court to address the other issues raised by the parties.