## COHEN *v.* UNITED STATES.

---

ATTORNEY GENERAL; UNITED STATES ATTORNEYS; STATUTES; NATURALIZATION; CITIZENSHIP.

1. While there is no specific Federal statute empowering the Attorney General of the United States to bring actions and suits in the name of the United States, yet the power resides in him as the head of the Department of Justice to do so; but there is no such power vested in the United States district attorney, whose powers are defined in the several statutes creating the office of United States district attorney and defining his duties.

2. Where a power is exercised under a statute prescribing its course, that course must be followed, and the necessary conditions made to appear, and every material requirement of the statute must be complied with.

3. A petition in the name of the United States by the United States attorney for the District of Columbia under the uniform naturalization act of Congress of June 29, 1906 (34 Stat. at L. 601, chap 3592, U. S. Comp. Stat. Supp. 1909, p. 485), to cancel a certificate of cit-

izenship, on the ground that it was fraudulently procured, must be supported by affidavit showing good cause therefor; and if not so supported, is demurrable. Such affidavit should appear in the record, either by reference and contemporaneous filing with the petition, or by allegations therein sufficient to show compliance with the statute, and to warrant its production if denied.

4. Where a judgment of the lower court overruling a demurrer to a petition for the cancelation of a certificate of citizenship, and to vacate the order admitting the respondent to citizenship, was reversed on the ground that the petition was not supported by affidavit, the cause was remanded by this court, with direction to the lower court to sustain the demurrer, and, unless the petition might be amended to show the existence of a proper affidavit at the time it was filed, to dismiss the petition without prejudice.

No. 2305. Submitted December 5, 1911. Decided January 2, 1912.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, overruling a demurrer to a petition by the United States District Attorney to vacate a previous order admitting the respondent to citizenship, and, the respondent declining to answer, vacating the order and canceling the certificate of citizenship. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree vacating an order admitting Joseph Cohen to citizenship, and vacating the certificate issued to him in accordance with said order.

The petition filed by the district attorney for the United States alleged that Joseph Cohen appeared before the supreme court of the District on January 4, 1909, having previously filed and given notice of a petition for a certificate of naturalization, and, making proof of the requisite residence and good moral character, was, by order duly made, admitted to citizenship of the United States. It is further charged, upon information and belief, that the said Cohen was not a person of good moral character; and certain facts are alleged in support thereof which afford ample foundation for the charge. No sup-

porting affidavit was filed, and none is averred in the petition.

A demurrer was entered to this petition, on the ground, among others, that the petition fails to show that an affidavit showing good cause for the institution of the suit had been presented or obtained. The demurrer was overruled, and the defendant declining to answer under the leave given, a decree was passed vacating the order and canceling the certificate of citizenship.

Mr. *Simon Wolf* and Mr. *Levi H. David* for the appellant.

Mr. *Clarence R. Wilson,* United States District Attorney, and Mr. *James A. Cobb,* Assistant, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Section 15 of the act, approved June 29, 1906, makes it the duty of the United States district attorneys," "upon affidavit showing good cause therefor," to institute proceedings for the purpose of setting aside and canceling a certificate of citizenship, on the ground of fraud, or that the certificate had been illegally procured. 34 Stat. at L. 601, chap. 3592, U. S. Comp. Stat. Supp. 1909, p. 485.

This suit is not brought by the Attorney General, or by his direction, and we need not consider whether in such case it could be maintained without the authority of the statute aforesaid.

While there is no specific statute empowering the Attorney General to bring actions and suits in the name of the United States, the power resides in him as the head of the Department of Justice. *United States* v. *San Jacinto Tin Co.* 125 U. S. 273–279, 31 L. ed. 747–749, 8 Sup. Ct. Rep. 850. But there is no such power vested in the district attorneys of the United States. Their powers are defined in the several statutes creating the office and defining its duties. The special power conferred by sec. 15, aforesaid, to bring suits to cancel certificates

of citizenship, is coupled with the condition that they shall be founded upon affidavits showing ·cause therefor. The naturalization act of Congress was intended to remedy the evils that had resulted from the loose administration of former general laws regulating naturalization. A stricter procedure was substituted, and a remedy provided for the correction of frauds that might still be perpetrated. But ·Congress was not unmindful of the value of a certificate of citizenship, and, in providing the remedy, coupled therewith the condition that an affidavit should be presented to the district attorney, stating the facts necessary to the maintenance of the suit. The language used could, in our opinion, have no other purpose than the creation of a condition precedent to the exercise of the power conferred. This view is expressed by Attorney General Bonaparte in an opinion given to the Secretary of Commerce and Labor, March 26, 1907. The supporting affidavit, being essential, should appear in the record, either by reference and contemporaneous filing with the petition, or by allegations therein sufficient to show compliance with the statute, and to warrant its production if denied.

It is a well-established general principle that where a power is exercised under a statute prescribing its course, that course must be followed and the necessary conditions made to appear. Every material requirement of the statute must be complied with. *Thatcher* v. *Powell,* 6 Wheat. 119, 127, 5 L. ed. 221, 223; *Shelby* v. *Bacon,* 10 How. 56–69, 13 L. ed. 326–331; see also *Galpin* v. *Page,* 18 Wall, 350, 371, 21 L. ed. 959, 964. The recent decision of the Supreme Court of the United States (*United States* v. *Morgan,* 222 U. S. 274, 56 L. ed.——, 32 Sup. Ct. Rep. 81) does not, as contended, govern the present case. That was a prosecution under the pure food and drug act which, under certain conditions, requires the board of chemistry to make analysis of suspected articles, and if, after notice to parties, it appears that the law has been violated, the Secretary of Agriculture shall certify the fact to the proper district attorney, whose duty it is then made, without delay, to institute proceedings for the prosecution, condemnation, etc. After

discussing different provisions of the statute regulating prosecutions, to which the aforesaid condition did not apply, Mr. Justice Lamar, who delivered the opinion of the court, said: "In providing for notice in one case, and permitting prosecutions without it in another, the statute clearly shows that there was no intent to make notice jurisdictional." He further said that the statute did not repeal, by implication, the provisions of the Revised Statutes, making it the duty of the district attorneys to prosecute all delinquents for crimes and offenses cognizable under the authority of the United States, Secs. 771–1022, U. S. Comp. Stat. 1901, pp. 601–720. Consequently, if the Executive Department failed to report violations of the law, it would leave untouched the duty of the district attorney to prosecute under the sections of the Revised Statutes before mentioned. There is no such situation here. The statute is plain and unambiguous, and it does not create an offense which it is made the duty of the district attorney to prosecute, as it is his duty to do where crimes have been committed. It is a civil proceeding the course of which is plainly laid down, and there is no general provision of the law authorizing the institution of such suits by district attorneys.

This conclusion makes it unnecessary to consider any other ground of demurrer than the one stated.

The petition failing to set forth the condition required by the statute to confer authority to maintain the suit, the demurrer ought to have been sustained.

The decree will be reversed, with direction to sustain the demurrer on the ground stated, and, unless the petition may be amended to show the existence of a proper affidavit at the time it was filed, to dismiss the petition without prejudice.

*Reversed.*