## UNITED STATES v. SALOMON.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1916. Rehearing denied May 20, 1916.)

No. 2900.

ALIENS ⊜71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE—AFFIDAVIT.

Under Comp. Stat. 1913, § 4374, making it the duty of the United States attorneys, on affidavit showing good cause, to institute proceedings to set aside and cancel a certificate of citizenship on the ground of fraud, or that it was illegally procured, an affidavit which shows that the certificate was granted on the same day the petition was filed, contrary to section 4354, but which does not show that there was any ground for refusing the certificate, does not show good cause, even though the requirement of the latter section that action should not be taken on the petition until 90 days after it was filed was mandatory, since the remedy for violation thereof was by objection in the proceedings, and the remedy by cancellation was only intended for cases in which injury resulted.

Maxey, District Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Proceeding by the United States against Oscar Ernst Moritz Salomon to cancel a certificate of citizenship. From a decree dismissing the proceedings (231 Fed. 461), the United States appeals. Affirmed.

Walter Guion, U. S. Atty., of New Orleans, La.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. This is an appeal from a decree dismissing a proceeding instituted on February 3, 1915, by the district attorney under the statute which provides that:

"It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured." 2 U. S. Comp. Stat. 1913, § 4374.

Neither the petition nor the affidavit upon which it was based charged the commission of any fraud. The sole charge was that the naturalization sought to be set aside and canceled was made by an order of the court on July 21, 1914, the same day on which the petition for naturalization was filed, in disregard of the provision of the statute, that:

"In no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition." U. S. Comp. Stat. 1913, § 4354.

The facts stated in the naturalization petition showed that the petitioner was entitled to be naturalized, and this was shown by the sworn answer filed in this case. This is not controverted by the government. In the opinion rendered by the District Judge it was stated:

"It is admitted by the government that the petition was filed in good faith, that the applicant was guilty of no fraud, and was entitled to be naturalized under the provisions of the act of 1910."

Such an admission is not otherwise shown by the record, but there has been no suggestion of the existence of a ground for contesting the appellee's naturalization if the proceedings on his application therefor shall conform to the requirements of the statute. It may be assumed that the last-quoted provision of the statute is a mandatory one, and that a court in which an application for naturalization is filed is not vested with a discretionary power to dispense with the observance of it. But we are not of opinion that it follows from this conclusion that a certificate of citizenship must be canceled and set aside when the facts are such as are disclosed by the record in this case.

The remedy given by the statute is the means provided for protecting the right of the government to contest applications for naturalization and for excluding from citizenship those who, under the law, are not entitled to the privilege. The statute does not indicate a purpose to give the remedy when there has been no injury. The district attorneys are authorized to institute the proceedings only "upon affidavit showing good cause therefor." The affidavit upon which this suit was instituted amounted to nothing more than an assignment of error of law apparent upon the face of the naturalization proceedings. It states no fact from which it may be inferred that a ground for contesting the application existed, or that the result might have been different if all the requirements of the statute had been complied with in the naturalization proceedings. It cannot be supposed that it was in

231 F.—59

the contemplation of the lawmakers that an affidavit would be sufficient to put upon the district attorney the duty of instituting the proceeding provided for if it showed no more than this one discloses. We think it is manifest that it was intended that the required affidavit should state facts constituting "good cause" for instituting the proceeding, and should do more than point out errors of law in the procedure which led up to the naturalization. The conclusion is that the statutory remedy would be perverted from its obvious purpose of safeguarding things of substance, if it is permitted to be successfully resorted to without any showing that the issue of the attacked certificate of citizenship might properly have been denied at the time it was granted, if the procedure had been a strict compliance with all statutory requirements.

The decree appealed from is affirmed.

MAXEY, District Judge, dissents.