## UNITED STATES v. LUSTIG.

United States District Court,
S. D. New York.
March 19, 1953.

Myles J. Lane, New York City, for plaintiff.

David Scribner, New York City, Donner, Kinoy & Perlin, Arthur Kinoy, New York City, for defendant.

EDELSTEIN, District Judge.

The United States has brought an action[1] under § 738 of Title 8, United States Code, to revoke and set aside an order entered in this court on June 4, 1928, admitting the defendant to citizenship, and to cancel the certificate of naturalization on the grounds of fraud and illegal procurement. The defendant moves to dismiss on a variety of grounds.

It is urged that because the action was originally brought in the United States District Court for the Eastern District of New York and subsequently transferred here upon discovery that the defendant was a resident of this district, the suit was therefore not "instituted" in this district pursuant to the terms of § 738(a), and is jurisdictionally defective. It is true that the suit was not instituted in the district of the defendant's residence, but the statutory provision that it be so instituted is one of venue, not jurisdiction. See United States v. Stabler, 3 Cir., 169 F.2d 995; cf., United States ex rel. Harrington v. Schlotfeldt, 7 Cir., 136 F.2d 935, certiorari denied sub nom. Krause v. United States, 327 U.S. 781, 66 S.Ct. 680, 90 L.Ed. 1008; United States v. Benzenhofer, D.C.S.D.N.Y.1949.[1]

Defendant further argues that the failure to submit an affidavit of good cause in support of the complaint is a jurisdictional defect.[2] But the case of Schwinn v.

---

1. The complaint was filed prior to the effective date of the Immigration and Nationality Act, 66 Stat. 166, 8 U.S.C.A. § 1101 et seq.

1. No opinion for publication.

2. Plaintiff's memorandum on this point apparently concedes the absence of an af-

808

United States, 9 Cir., 112 F.2d 74, holding that the affidavit is not jurisdictional, was affirmed by the Supreme Court, 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390, and that ruling remains as the controlling law.[3]

▮▮▮ Defendant presents a vigorous and cogent argument for the proposition that the cause of action on the grounds of fraud and illegal procurement is barred under the doctrine of res adjudicata, since the plaintiff seeks a relitigation of precisely those findings of fact upon which the original judgment granting citizenship was based. Essentially the defendant is asserting the orthodox rule that no relief will be granted from a valid judgment except for extrinsic fraud. Restatement of Judgments, § 118, Comment b. But the historic grounds of attack upon judgments has been broadened with respect to judgments of naturalization, and the Court of Appeals for this circuit has held, citing Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525, that "the statutory authorization to revoke a judgment of naturalization procured by fraud is valid, whether the fraud be intrinsic or extrinsic." United States v. Siegel, 2 Cir., 152 F.2d 614, 615; United States v. Hauck, 2 Cir., 155 F.2d 141.

▮▮▮ A further ground advanced for dismissal is that the complaint seeks to denaturalize a citizen for alleged conduct and beliefs not proscribed at the time of naturalization. Defendant contends that the annulment of the judgment of naturalization is sought "essentially" on the ground that he allegedly was, at the time of naturalization, a member of the Communist Party and of other Communist organizations, which membership was not, under the law then prevailing, grounds for the denial of citizenship. Consequently, it is urged, if there may now be a denaturalization because of such membership, the statute will be read as making fraudulent and illegal that which was honest and legal when done, an unconstitutional retroactive application of the law. But the defendant's apprehension is premature. The plaintiff has alleged and must prove, not merely Communist organization memberships, but fraud or illegal procurement of the judgment of naturalization, and it must effect proof by clear, unequivocal and convincing evidence. Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed 1796. I do not conceive that the plaintiff may meet this burden merely by proving conduct which was honest and legal when performed. If, after a trial, a judgment of

fidavit of good cause and none has been submitted, although in discussing another point, the memorandum states that the allegations of the complaint follow "the allegations contained in the affidavit of good cause which was furnished the Attorney General preliminary to the institution of the instant suit." Moreover, the verification attached to the complaint refers to a "duly authenticated certificate, executed by Reuben Speiser, Esq., attorney at Immigration and Naturalization Service, United States Department of Justice, Washington, D. C." The suggestion intrudes itself that this certificate might be an affidavit of good cause.

3. The Court of Appeals, in the Schwinn case, relies upon the statutory construction set forth in United States v. Knight, D.C., 291 F. 129, 130, 131, which is quoted at page 76 of 112 F.2d: "The statute is inclusive, not exclusive, and, like statutes for actions on complaints by private prosecutors, does not preclude public prosecutors from proceeding of their own mo-

tion to enforce the laws." However, eleven years after the decision in the Schwinn case, the Supreme Court, in Bindczyck v. Finucane, 342 U.S. 76, at page 83, 72 S.Ct. 130, at page 134, 96 L. Ed. 100, asserted, that in the light of legislative history, "we cannot escape the conclusion that in its detailed provisions for revoking a naturalization because of fraud or illegal procurement not appearing on the face of the record, Congress formulated a self-contained, exclusive procedure." (But note 8 U.S.C.A. § 1451 (j), subsequently enacted.) Thus, it would seem, the reasoning of the Court of Appeals in the Schwinn case has been repudiated. The Supreme Court, in its per curiam affirmance, did not refer to the issue of the affidavit of good cause raised below, but the decision must, of course, be taken as an affirmance of the lower court's disposition of that issue, and despite the language of the Bindczyck case, remains as authority binding upon this court.

denaturalization is rendered against the defendant, he will then be in a position to question the nature of the proof adduced against him. At this state of the proceedings, certainly, the issue of an unconstitutional retroactive application of the statute is not properly raised.

I do not deem it necessary to re-examine the constitutionality of the Naturalization Act of 1906 or of § 738(a) of Title 8. And the complaint does contain allegations which, if proved, can result in a judgment for the plaintiff. The motion to dismiss will be denied.

The defendant has moved in the alternative to compel the plaintiff to separately state and number its causes of action. See Moore's Federal Practice, (2nd ed.) § 10.04, p. 2011. Although I am of the opinion that there is only a single cause of action to be pleaded, nevertheless, two separate and independent statutory grounds are set forth: fraud and other illegality in the procurement. See Harisiades v. Shaughnessy, 342 U.S. 580, footnote 5 at page 585, 72 S.Ct. 512, 96 L.Ed. 586. They are not identical and either ground is sufficient in itself to support a cause of action for denaturalization. Yet they are indistinguishably pleaded in the complaint. In fairness to the defendant, I feel that such pleading is so ambiguous that he cannot reasonably be required to frame a responsive pleading. Consequently, I shall treat his motion as one for a more definite statement under Rule 12(e), 28 U.S.C.A., and require the complaint to be amended accordingly.