**UNITED STATES v. RADZIE.**

United States District Court
S. D. New York.

April 3, 1953.

Myles J. Lane, U. S. Atty., New York City, Harold J. Raby, New York City, of counsel.

Blanch Freedman and Gloria Agrin, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The contentions raised by this motion for dismissal of the complaint which seeks the denaturalization of the defendant have twice, within the past two months, been passed upon by judges of this Court and have been decided adversely to the petitioner's position. United States v. Ronch, D.C. S.D.N.Y., 1953, per Clancy, D. J.[1]; United States v. Lustig, D.C.S.D.N.Y., 110 F.Supp. 806, per Edelstein, D. J. No new grounds are here presented and this Court concurs in the rationale and determinations of those recent cases.

As alternative relief, defendant has moved for an order under Fed.Rules Civ. Proc.Rule 10(b), 28 U.S.C.A. directing plaintiff to state separately and number the claims set forth in the complaint. Section 738 of Title 8 U.S.C.A., under which the complaint is brought, permits denaturalization where facts are pleaded and proved which show (a) that the defendant's citizenship was illegally procured or (b) that the defendant defrauded the government by falsification of, or concealment of facts which, if known to the court would have resulted in a denial of his application.

The complaint alleges in paragraph 7 that the defendant

"Constantine Radzie, intentionally and deliberately made false statements in the proceedings leading to his naturalization as hereinabove set forth, in order to prevent the making of a full and proper investigation of his qualifications for citizenship; to conceal his lack of attachment to the principles of the Constitution; to induce the naturalization examiner to make an unconditional recommendation to the court that his petition be granted; to preclude inquiry by the court concerning his qualifications for citizenship; and to procure naturalization in violation of law."

In paragraph 8 of the complaint, it is alleged that

---

1. No opinion for publication.

"The naturalization of the defendant was illegally and fraudulently procured in that:

"(a) He was not a person of good moral character at the time of his naturalization because he made false statements under oath in the proceedings leading to his naturalization, as more particularly set forth in paragraphs 5 and 6 of this complaint.

"(b) He was not attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States inasmuch as he was then and theretofore had been an active member in the Communist Party of the United States, an organization which, to his knowledge, espoused the aims, objectives and programs more particularly set forth in paragraph 6(b) of this complaint.

"(c) He deliberately and intentionally made false statements in the proceedings leading to his naturalization concerning his membership and affiliation with the Communist Party of the United States, and such false statements were made by him for the purposes set forth in paragraph 7 of this complaint.

"(d) He did not intend to support the Constitution and laws of the United States and renounce all foreign allegiance inasmuch as he intended to and did retain allegiance to the Union of Soviet Socialist Republics."

A similar motion to compel separate statement was denied in United States v. Ronch, supra. In United States v. Lustig, the Court was of the opinion that the two separate statutory grounds of fraud and illegality in procurement were so indistinguishably pleaded in the complaint and that the pleading was so ambiguous that the defendant could not reasonably be required to frame a responsive pleading. I do not feel that such is the case here. The complaint in its present form can easily be answered and there is no ambiguity as to the Government's contentions.

The motion is denied.