## UNITED STATES v. JEROME.

United States District Court
S. D. New York.
June 17, 1953.

820

J. Edward Lumbard, U. S. Atty. for Southern District of New York, New York City, for plaintiff.

Blanch Freedman & Gloria Agrin, New York City, for defendant.

NOONAN, District Judge.

This is a motion to dismiss the complaint of the Government based on four separate allegations that the court is without jurisdiction, and, also, that the complaint fails to state a cause of action and that the matter is res judicata. The defendant has moved in the alternative that, if the complaint is permitted to stand, the plaintiff be compelled to separately state and number its claims;

further, the defendant has moved to strike several basic portions of the plaintiff's complaint as immaterial and impertinent. These matters will be dealt with one at a time.

The first allegation is that the court lacks jurisdiction because the complaint is not supported by affidavit as required by the pertinent statute. This is not the first case in which that argument has been urged. In the past few months alone that issue has been raised in this court three times in similar circumstances. U. S. v. Ronch, Civ. 77-290; U. S. v. Lustig, D.C., 110 F.Supp. 806; U. S. v. Radzie, D.C., 14 F.R.D. 151. All three cases were decided adversely to the petitioner's position. Since these decisions, nothing has arisen to change either the law or its interpretation. The wording with regard to this requirement, as contained in the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq., involved in this case, is the same as that of the Nationality Act of 1940, involved in the three cases just cited.

The defendant bases his argument largely on the Supreme Court decision in Bindczyck v. Finucane, 1951, 342 U.S. 76, 72 S.Ct. 130, 135, 96 L.Ed. 100, which he alleges holds contrary to the District Court decisions mentioned above. The Supreme Court, in the Bindczyck case precluded a state court from cancelling a certificate of naturalization on grounds of fraudulent or illegal procurement by a mere exercise of its general power to set aside judgments during the term at which they were rendered.

In the opinion of this court, the Bindczyck decision is not controlling in the case at bar because its rationale is based on the concept that denaturalization proceedings should not be left to the adjective law of the various states—that it should not be allowed or denied " * * * through the eccentricities and accidents of variegated State practice * * *." State practice is not involved in the case under consideration; so this court feels compelled to follow the Ronch, Lustig and Radzie decisions.

The second ground urging lack of jurisdiction is based on the alleged unconstitutionality of the statute " * * * on its face and as construed and applied here * * * ".

■ In a case involving the 1940 Act, Knauer v. U. S., 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500, rehearing denied 329 U.S. 818, 67 S.Ct. 25, 91 L.Ed. 697 the court noted that Article 1, Sec. 8, cl. 4 of the Constitution of the United States grants Congress the power "To establish an uniform Rule of Naturalization". This power, coupled with that provided by the "necessary and proper" clause, Art. 1, Sec. 8, cl. 18, empowers Congress likewise to provide for cancellation of Certificates of Naturalization.

■ In the Knauer case, supra [328 U.S. 654, 66 S.Ct. 1314], the court held, quoting the case of Johannessen v. U. S., 225 U.S. 227, 241, 32 S.Ct. 613, 617, 56 L.Ed. 1066 "An alien has no moral nor constitutional right to retain the privileges of citizenship if, by false evidence or the like, an imposition has been practised upon the court, without which the certificate of citizenship could not and would not have been issued."

■ This court believes that the reasoning in the cases cited is equally applicable to the wording of the 1952 Act, and on that basis, the 1952 Act is constitutional.

■ The third allegation concerning lack of jurisdiction is based on the claim that the court is not empowered to grant the relief sought in the complaint. The relief sought is the same that has been granted in numerous earlier cases under the 1940 Nationality Act. The 1952 Act effects no material changes limiting the relief which the Government might seek as respects this defendant.

The defendant's fourth argument based on lack of jurisdiction alleges that the purposes for which this proceeding is brought are not proper. However, Title 8 U.S.C.A. Section 1451(a) provides that such an action be taken for the purpose alleged in paragraph eleven of the complaint.

In view of the above, the defendant's next allegation, that the complaint fails to state a cause of action upon which relief may be granted, is not supported by the facts as they appear at this point.

■ The allegation raising the issues of res judicata and estoppel also is similar to that raised in many previous cases. It was recently raised in the case of U. S. v. Lustig, supra. In that case, Judge Edelstein, basing his decision on competent authorities, ruled that it was not a valid ground for dismissal of a complaint where the complaint alleges fraud in the procurement of the original judgment. Since the provisions of the two Acts are related, there appears to be no reason why this court should not follow the rationale behind that ruling.

■■ Fraud is a proper ground for revocation of a judgment. Knauer v. U. S., 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500. It will remain for the government to prove the fraud they allege by the "concealment" and "willful misrepresentation" as required. The government is not estopped from alleging such fraud.

In view of all of the above, the court must deny the defendant's motion for an order dismissing the complaint based on the six grounds urged by him.

The defendant has moved in the alternative to compel the plaintiff to separately state and number its claims as required by Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

This motion was considered in the Ronch, Lustig and Radzie cases, supra, referred to above. In the case of United States v. Ronch, the motion was denied; in the case of United States v. Lustig, the court granted the motion; in the case of United States v. Radzie, the motion was denied. Those cases were based on the Nationality Act of 1940 and the forms of the complaints resemble the complaint in the instant case.

The 1940 Act authorized the action to be based on either fraud or illegal procurement. The 1952 Act authorizes the action on the ground that the certificate

was granted because of "concealment of a material fact or by willful misrepresentation." The wording differs, but the principle of the Knauer case, supra, is still pertinent, (i. e., " * * * by false evidence or the like, an imposition has been practised upon the court, without which the certificate of citizenship could not and would not have been issued.")

■ The general objective of Rule 10(b) is clarity in pleading. (See cases cited in Moore's Federal Practice, Volume 2.)

■ This court quotes with approval a paragraph from page 2010 of Vol. 2 of Moore's Federal Practice (q. v. for citations on which it is based):

"Rule 10(b) makes two requirements as to paragraphing:

(1) that all averments of claim or defense be made in numbered paragraphs; (2) that the contents of each paragraph be limited 'as far as practicable' to a statement of a single set of circumstances. While the first requirement is mandatory in terms, the second, because of its general language, lends itself to discretionary handling. So, while separate elements of a claim should usually be stated in separate paragraphs, minute subdivision of the pleading is not required."

■ The court believes that practicality does not require any further subdivision of the complaint because the wording of the complaint is sufficiently clear to be readily answerable in its present form.

■ The last motion the defendant includes in its present pleading is a motion to strike certain portions of the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as immaterial and impertinent. There are countless cases that will bear out the doctrine set forth in paragraph 12.21(2) of Moore, Vol. 2, that "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation."

The motion in this case is based on the use of the words "illegally" and "fraud-ulently procured", proper under the provisions of the 1940 Act, instead of the use of the wording of the 1952 Act, "concealment of a material fact" and "willful misrepresentation".

In paragraph "11" of the complaint the wording includes the statutory words "concealment of a material fact" and "willful misrepresentation" with reference to the earlier paragraphs. Keeping this in mind, the specific objections of the defendant are examined.

■ With regard to the motion to strike paragraph "5" of the complaint, this court finds that that paragraph is neither immaterial nor impertinent, but rather that it is both material and relevant because it contains alleged misrepresentations.

■ Paragraph "6" of the complaint serves to explain why the complaint is brought against the defendant under the name of "Victor Jeremy Jerome" to cancel a certificate issued to a "Jerome Isaac Romain". It is, therefore, neither immaterial nor impertinent.

■ Paragraph "7" alleges that the statements made in paragraph "5" were false and untrue. The statutory word is "misrepresentation" and perhaps it would be preferable to use that specific word in this paragraph, but since the ordinary dictionary definition of "misrepresentation" describes it as "a false or incorrect statement or account", this is not a sufficient reason to strike the paragraph.

As to the words in paragraph "9", "as hereinabove set forth", with reference to concealment and misrepresentation, this court does not find any reason for striking this phrase. The defendant's argument that this causes two grounds to be indistinguishably pleaded can be overcome by an examination of the paragraphs to which the phrase refers. The matters in paragraph "5" obviously allege misrepresentation, while those alleged in paragraphs "7" and "8" allege concealment.

■ Paragraph "10" of the complaint charges that the naturalization of

the defendant was "illegally and fraudulently procured."

The wording of the allegation, therefore, is better fitted to the 1940 Act than to the 1952 Act and must be given further consideration.

In view of the strict policy with regard to motions to strike, it will be necessary to examine the paragraph in order to see whether the matter charged is really impertinent or immaterial.

Subdivision (a) involves moral character and properly refers to material and pertinent false statements and "fraud" as set forth in paragraphs "5" and "7" of the complaint; subdivision (b) refers to matters alleged in paragraph "7" of the complaint and held to be material and pertinent; subdivision (c) is material and pertinent on its face; and subdivision (d) alleges a specific and willful misrepresentation which is both material and pertinent.

Thus, all of the subdivisions of the paragraph under attack are both material and pertinent. Although the wording of the opening clause of the paragraph is not technically perfect, the words used, when taken in conjunction with the subparagraphs that follow, still allege matters that are material and pertinent to the issue involved.

For all of the above reasons, the motions must be denied.

Settle order.