261

UNITED STATES v. MATLES-
FRIEDMAN.
Civ. No. 13121.

United States District Court
E. D. New York.
Oct. 6, 1953.

Leonard P. Moore, U. S. Atty., New York City, for plaintiff.

David Scribner and Donner, Kinoy & Perlin, New York City, Arthur Kinoy, Frank J. Donner, New York City, of counsel, for defendant.

GALSTON, District Judge.

This is a motion to dismiss the complaint, or in the alternative, to compel the plaintiff to make the complaint more definite and certain, and to strike certain designated paragraphs from the complaint as immaterial.

In this action the United States seeks to revoke and set aside the order admitting the defendant to citizenship, and to cancel his certificate of naturalization, as having been procured illegally and fraudulently. The action is brought pursuant to the provisions of Section 338(a) of the Nationality Act of 1940, 8 U.S.C.A. § 738(a).

The defendant was admitted to citizenship on November 27, 1934. Naturalization was granted under the Naturalization Act of 1906, June 29, 1906, c. 3592; 34 Stat. 596. The 1906 Act provided that the petition for naturalization shall set forth:

"* * * that he is not a disbeliever in or opposed to organized government, or a member of or affiliated with any organization or body of persons teaching disbelief in or opposed to organized government, * * * and that it is his intention to become a citizen of the United States and to renounce absolutely and forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he at the time of filing of his petition may be a citizen or subject, * * *."

The action was instituted on December 16, 1952. An amended complaint was filed on September 16, 1953. Attached thereto is an affidavit showing that good cause exists for the institution of the present action.

In substance, the amended complaint alleges that the defendant in his petition for naturalization and in the proceedings conducted prior to his naturalization made certain allegations under oath, and that these allegations, set forth in the complaint, were false and untrue, and were known by the defendant to be false and untrue.

More specifically, the amended complaint alleges, inter alia, that the Communist Party of the United States, at all times material to the complaint, advised, advocated or taught the overthrow by force or violence of the government of the United States; that since 1929 and at the time of his admission to citizenship, the defendant was a member of the Communist Party of the United States and gave complete obedience to its dictates and commands, without regard as to whether such dictates and commands were contrary to the laws or interests of the United States. It also alleges that the defendant was not attached to the principles of the Constitution of the United States; that the defendant deliberately made false statements for the purpose of preventing the making of a full and proper investigation of his qualifications for citizenship; and that he was not a person of good moral character at the time of his naturalization because he made false statements in the proceedings leading to his naturalization.

All but one of the grounds raised by this motion to dismiss the complaint have been passed upon in one or more of the following cases recently brought in the Southern District of New York: United States v. Ronch, decided February 2, 1953; United States v. Lustig, decided March 19, 1953, D.C., 110 F.Supp. 806;

United States v. Radzie, D.C., 14 F.R.D. 151, decided April 3, 1953; United States v. Jerome, D.C., 115 F.Supp. 818, decided June 17, 1953.

In each of these cases the defendant's motion to dismiss the complaint was denied. Nothing presented on this motion requires a different conclusion.

■ The only ground asserted here which was not made in the cases cited above is that alleging that the court has no jurisdiction, because Section 338(a) of the Nationality Act of 1940, upon which the complaint rests, was repealed by the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq.

As was stated, this action was instituted on December 16, 1952. The Immigration and Nationality Act of 1952 became effective on December 24, 1952. Section 405(a) of the 1952 Act provides:

"Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect * * * any prosecution, suit, action, or proceedings, civil or criminal, brought, * * * at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, * * * the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect." 8 U.S.C.A. § 1101 note.

The short answer to this contention of the defendant is, therefore, that the Immigration and Nationality Act of 1952 specifically provided that previous statutes should remain in full force and effect in respect to all existing prosecutions.

Section 340 of the Act of 1952 provides for the right of the United States to institute proceedings to revoke naturalization. The defendant contends that since Subsection (i) of Section 340 makes the provisions of the section applicable, "to all certificates of naturalization and citizenship which may have been issued heretofore by any court", the present action is barred. In view of the specific provisions of Section 405(a) of the Act, however, in respect to prosecutions or actions pending on the effective date of the Act, Section 340(i) must be construed as not affecting the validity of actions brought under an earlier act and pending on December 24, 1952.

■ Referring to the procedural grounds set forth by the defendant, the amended complaint satisfies the requirement of Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., that a pleading shall contain "a short and plain statement of the claim". The averments of the complaint are made in numbered paragraphs as required by Rule 10(b) of the Federal Rules. Moreover, the various paragraphs of the complaint that the defendant seeks to strike are material to the claim asserted in the complaint, that the defendant's allegations that he did not belong to and was not associated with any organization teaching or advocating the overthrow of the government; that he would renounce all allegiance to any foreign state or sovereignty; and that he would bear true faith and allegiance to the Constitution and the laws of the United States, were false and untrue.

In view of the foregoing, the defendant's motion is denied in all respects. Settle order.