**UNITED STATES**

**v.**

**CANDELA.**

United States District Court
S. D. New York.
Oct. 14, 1954.
Rehearing Denied Nov. 24, 1954.

**250**

George C. Mantzoros, Asst. U. S. Atty., New York City, J. Edward Lumbard, U. S. Atty, New York City, for plaintiff.

Joseph C. Navarra, Brooklyn, N. Y., for defendant.

RYAN, District Judge.

Motion denied except, that, the Government, within ten days, must file an affidavit showing good cause for instituting this action.

■ Defendant's objection that § 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451(a) contravenes the Ex Post Facto Clause, Article 1, Section 9, Clause 3, and the First and Fifth Amendments of the United States Constitution are without merit. Harisiades v. Shaughnessy, 1951, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586. Similarly for his objections that the section is violative of the Ninth and Tenth Amendments. Bindczyck v. Finucane, 1951, 342 U.S. 76, 72 S.Ct. 130, 96 L.Ed. 100. That the defendant will be subjected to cruel and unusual punishment is at this stage of the proceeding hypothetical conjecture.

■ Defendant fears that knowledge of the aims of the organizations with which he was allegedly connected will be imputed to him. These trepidations are without foundation since the complaint's phrasing that defendant "well knew" such aims and goals is well established as connoting actual, not constructive, knowledge.

■■ The Government is ordered to file an affidavit showing good cause within ten days. United States v. Richmond, 3 Cir., 1927, 17 F.2d 28; United States v. Salomon, 5 Cir., 1916, 231 F. 928; contra Schwinn v. United States, 9 Cir., 1940, 112 F.2d 74, *affirmed solely on another ground,* 1940, 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390. It is not the prerogative of this court to repeal part of a statute duly enacted by the Congress. Denaturalization proceedings, though nominally civil, result in dire and serious consequences. The submitting of such affidavit will enable the defendant to bring the question of good cause before the court in advance of the Government's utilization of the extensive and liberal discovery procedures made available by the Federal Rules of Civil Procedure. Furthermore Congress must be regarded as being cognizant of the Schwinn decision when it enacted § 340(a), and by expressly restating that the United States Attorney institute proceedings upon affidavit demonstrating good cause it must be taken to have disapproved of the Schwinn case.

■ Objection is made that the decree of naturalization is res adjudicata. Citizenship can be revoked on the ground of fraud in the procurement, United States v. Hauck, 2 Cir., 1946, 155 F.2d 141; similarly for willful misrepresentation and concealment of material facts, which are in their nature fraudulent.

■ The complaint is sufficiently definite and certain to enable defendant to plead responsively thereto. Fed.R. Civ.P. 12(e), 28 U.S.C.A.

Defendant's objection that the claim of illegal procurement was not preserved by the savings clause, § 405(a), of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note, and that the claims of concealment of material facts and willful misrepresentation are not applicable to him, since they are retroactive in operation, are denied without prejudice to renewal upon trial where they can be more appropriately determined. There the trial judge can pass upon these matters as construed and applied to this defendant as well as to the validity of the claims on their face.

Objection that the taking of defendant's deposition is self-incriminatory is premature and should be raised to specific questions when propounded.

### On Reargument

Some of the contentions urged in the case at bar are ably answered in the reasoned and scholarly opinion of Judge Palmieri in United States v. Zucca, D.C., 125 F.Supp. 551. Counsel are referred to that opinion to avoid repetition here.

■ The Government urges that the appropriate maxim of statutory construc-

tion to be applied is that where Congress re-enacts a provision it considers and adopts the prior settled judicial construction. That maxim is inapposite because where, as here, there exists a conflict of decision among the Courts of Appeal there cannot be said to be any settled judicial construction. On the contrary it must have been that in explicitly re-enacting the requirement of an affidavit showing good cause Congress chose to disregard Schwinn v. United States, 9 Cir., 1940, 112 F.2d 74, *affirmed solely on another ground*, 1940, 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390. To adopt that decision all Congress need have done is delete six words.

■ The reason for the requirement seems abundantly clear. Deprivation of citizenship entails serious consequences to the affected defendant. See Schneiderman v. United States, 1943, 320 U.S. 118, 122, 63 S.Ct. 1333, 87 L.Ed. 1796. Compelling an affidavit showing good cause for denaturalization requires the Government to apprise the defendant of the charges and some of the evidence which will be brought to bear against him. Fairness requires that this should be done.

■ Since the statute prescribes that good cause must be shown, one of the inquiries is who is to determine whether or not good cause exists? If the United States Attorney is to make this determination then the section is redundant, for the United States Attorney is charged with the duty of bringing to trial any matter within his jurisdiction when he believes good cause is present. The institution of denaturalization proceedings is exclusively within his jurisdiction. Thus unless "good cause" be regarded as statutory surplusage the only other authority, within the statutory framework, before whom the question of good cause can be brought is the court. It is significant to note, in this connection, that when the Immigration and Naturalization Service was part of the Department of Labor the practice seems to have been for immigration officers to report the facts of fraud or illegal procurement to a Board of Review who would in turn determine whether good cause existed. If they found good cause to exist an affidavit was carefully prepared and submitted to the appropriate local United States Attorney with instructions to institute suit. Cable, Loss of Citizenship-Denaturalization 19 (1943). In this way a quasi-judicial body passed upon the question of good cause even before the matter came on before a court. Even so, from the time the affidavit became a requirement in 1906 until 1940, the year in which the Schwinn case was decided and the same year in which the Immigration and Naturalization Service was transferred to the Department of Justice, courts too saw fit to pass upon the matter. United States v. Richmond, 3 Cir., 1927, 17 F.2d 28; United States v. Salomon, 5 Cir., 1916, 231 F. 928; Cohen v. United States, 1912, 38 App.D.C. 123; cf. Turlej v. United States, 8 Cir., 1929, 31 F.2d 696; but see United States v. Leles, D.C.N.D.Cal.1915, 227 F. 189; contra United States v. Knight, D.C. Mont.1923, 291 F. 129, affirmed, 9 Cir., 1924, 299 F. 571; also see Zurini v. United States, 8 Cir., 1951, 189 F.2d 722; United States v. Matles-Friedman, D.C.E.D.N.Y.1953, 115 F.Supp. 261. (If a court passes on the question of whether or not good cause is presented *a fortiori* an affidavit must be presented.) Such safeguards are in keeping with fundamental justice. Furthermore, in Johannessen v. United States, 1911, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066, this significant language appears:

> "It (the statute) merely provides that, *on good cause* shown, the question whether one who claims the privilege of citizenship under the certificate of a court has procured that certificate through fraud or other illegal contrivance shall be examined and determined in orderly judicial proceedings." 225 U.S. 242, 32 S.Ct. 617, italics added.

The implication we read is that denaturalization is to be determined by a

court, once it has been shown to a court, that there is good cause to proceed to trial.

A number of cases have held contrary to what we here hold, but some pertinent observations should be noted as to those cases. United States v. Ronch, Civil 77–290 (S.D.N.Y.1953) merely cited and followed the Schwinn decision. United States v. Lustig, D.C.S.D.N.Y.1953, 110 F.Supp. 806, followed Schwinn with some doubts. See note 3, at page 808. United States v. Radzie, D.C.S.D.N.Y.1953, 14 F.R.D. 151, concurred in the "rationale and determinations" of United States v. Ronch, supra, and United States v. Lustig, supra. United States v. Jerome, D.C.S.D.N.Y.1953, 115 F.Supp. 818, followed the Ronch, Lustig and Radzie cases, particularly since those cases had been decided just a few months before. Jerome did, however, endeavor to dispel the doubts raised in United States v. Lustig, supra. In United States v. Schuchhardt, D.C.N.D.Ind.1943, 48 F. Supp. 876, the decision was dictum since the United States Attorney did present an affidavit (—in fact, two affidavits—); similarly for United States v. Leles, supra. In United States v. Tuteur, 7 Cir., 1954, 215 F.2d 415, the determination was also dictum since the Court of Appeals in reversing the District Court's granting of summary judgment need not have passed upon the necessity of an affidavit. In United States v. Hartmann, D.C.E.D.Pa.1942, 2 F.R.D. 477, the issue was determined collaterally. Thus there are only two cases, Schwinn v. United States, supra, and United States v. Knight, supra, which squarely hold contrary to the result now reached. And it should be noted that the defendant Schwinn failed to brief and press the United States Attorney's reluctance to file an affidavit not only in his application for certiorari to the Supreme Court but also when he argued the question to the Court of Appeals in his motion for re-argument.

We re-affirm our decision of October 14th.