**UNITED STATES of America,**
**Plaintiff,**

v.

**Charles Augustine COLLINS,**
**Defendant.**

United States District Court
S. D. New York.

Jan. 4, 1955.

———◆———

J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City, for plaintiff (George C. Mantzoros, New York City, of counsel).

Blanch Freedman & Gloria Agrin, New York City, for defendant.

THOMAS F. MURPHY, District Judge.

These motions, one of them to dismiss the complaint under Rule 12, Fed.Rules Civ.Proc., 28 U.S.C.A. and the other to vacate a notice to take defendant's deposition under Rule 30(b), again raise the much bruited question whether the complaint in an action for cancellation of naturalization under Section 340(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451(a), must be supported by an affidavit of good cause. The question arises from this language of Section 340(a) of the act, 8 U.S.C.A. § 1451(a) that "It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor * * *", in a context that reads:

> "It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any courts specified in subsection (a) of section 1421 of this title in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were procured by concealment of a material fact or by willful misrepresentation, and such revocation and setting side of the order admitting such person to citizenship and such canceling of certificate of naturalization shall be effective as of the original date of the order and certificate, respectively: * * *."

Proponents for dismissal apparently argue that an affidavit of good cause is a jurisdictional prerequisite deliberately set up by Congress as an additional hurdle for the government to surmount and subject to test on motion before civil trial as an additional safeguard to naturalized citizens who may be the target of an action for cancellation of citizenship. The government in turn insists that such affidavit at most makes the institution of such proceedings a duty and that this provision does not curtail the thereto-

fore exercised powers of United States attorneys.

Judicial opinion is divided on the question. A number of cases have held that such affidavit of good cause is not jurisdictional and need not be filed at the time of commencement of the action.[1] Some of these cases may be explained as dicta since affidavits were presented by the United States attorneys.[2] Others[3] rest squarely on Schwinn v. United States,[4] a holding not disturbed by the Supreme Court. The question had not been explicitly raised in certiorari, in that case, and as between the grounds of fraud and illegality questioned by petitioner, the Supreme Court limited its affirmance solely to the ground of illegality.[5] At least two of these cases squarely hold that such affidavit is not a jurisdictional prerequisite.[6]

■ On the other hand, three cases appear to support the proposition that such affidavit must be filed at time of institution of the suit, two of them from this district court but none of them controlling this court.[7] With respect to legislative history of the statute on which some of these cases rely, we find such history largely inconclusive. The peril of resorting to individual constructions of legislators is not merely that the mandate of the statute would cease to be embodied in its language and become unavailable as warning to the nation at large. It is also that such observations may be no more than personal ones. In construing statutes our inquiry ought to be not "what the legislator meant; we ask only what the statute means."[8]

■ The language of the instant statute does not require, as it might well have, the *filing* of any affidavit at the time of instituting the action. No doubt denaturalization is a serious matter requiring the utmost scrutiny of the evidence.[9] Yet Congress has made the proceeding a civil rather than a criminal one that might be prosecuted only upon indictment. Even in the case of capital felonies, it has been settled for seventy years that fundamental due process is observed by a state prosecution without indictment.[10] In the instant case, hardly any additional safeguard would be supplied by filing such affidavit. Indeed the United States attorney has sworn to a rather detailed pleading, and surely in this sense an affidavit is already before the court.

■ In any event, there is little justification for considering the matter jurisdictional. If such were the case, the Supreme Court could have, but did not raise the question of such alleged defect on its own motion in the Schwinn case. Many instances may be called to mind where statutory requirements of

1. Schwinn v. United States, 9 Cir., 112 F.2d 74, affirmed 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390; United States v. Tuteur, 7 Cir., 215 F.2d 415; United States v. Knight, D.C.D.Mont., 291 F. 129, affirmed, 9 Cir., 299 F. 571; United States v. Jerome, D.C.S.D.N.Y., 115 F. Supp. 818; United States v. Ronch, D.C.S.D.N.Y.1953, 16 F.R.D. 137; United States v. Radzie, D.C.S.D.N.Y., 14 F.R.D. 151; United States v. Lustig, D.C.S.D.N.Y., 110 F.Supp. 806; United States v. Fauorito, D.C.D.Ohio, 7 F.R.D. 152; United States v. Schuchhardt, D.C. D.Ind., 48 F.Supp. 876.

2. Schuchhardt, Tuteur, Leles, supra, note 1.

3. Ronch, Lustig, supra, note 1. See also Radzie relying upon Ronch and Lustig, and Jerome following Ronch, Lustig and Radzie, supra, note 1.

4. 9 Cir., 112 F.2d 74.

5. 311 U.S. 616, 61 S.Ct. 70, 85 L.Ed. 390.

6. Schwinn v. United States, 9 Cir., 112 F.2d 74; United States v. Knight, D.C. D.Mont., 291 F. 129, affirmed 9 Cir., 299 F. 571.

7. Cohen v. United States, 38 App.D.C. 123; United States v. Zucca, D.C.S.D. N.Y., 1954, 125 F.Supp. 551; United States v. Candela, D.C.S.D.N.Y.1954, 131 F.Supp. 249.

8. Holmes, Collected Legal Papers, 207.

9. Cf. Schneiderman v. United States, 320 U.S. 118, at page 122, 63 S.Ct. 1333, 87 L.Ed. 1796.

10. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232.

"good cause" have been held not to be jurisdictional. For example, in this state, an application for change of place of trial from county to Supreme Court in a criminal case may be entertained "for good cause shown".[11] Questions concerning such cause have been held not jurisdictional so as to warrant review on a writ in the nature of prohibition.[12]

Accordingly the motion to dismiss is denied. The motion to vacate which is made to turn upon the same question, is also denied.

This is an order. No settlement is necessary.

11. N.Y.Code Crim.Proc. § 344(1).

12. Application of McDonald, 2d Dept., 281 App.Div. 830, 118 N.Y.S.2d 911; Murphy v. Extraordinary Term, 294 N.Y. 440, at page 442, 63 N.E.2d 49, 161 A.L.R. 937.