09-3470-cv
Baptista v. Hartford Bd. of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand eleven.

PRESENT: ROGER J. MINER,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

_____

JOSE BAPTISTA,
                *Plaintiff-Appellant*,

        v.                            No. 09-3470-cv

HARTFORD BOARD OF EDUCATION,
                *Defendant-Appellee*.

_____

FOR APPELLANT: Jean Patterson and Rachel Seaton, law students appearing pursuant to Second Circuit Local Rule 46.1(e) (Jonathan H. Romberg, Supervising Attorney, *on the brief*), Seton Hall University School of Law, Center for Social Justice, Newark, NJ.

FOR APPELLEE: Melinda B. Kaufmann, Assistant Corporation Counsel, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Jose Baptista appeals from the district court's August 10, 2009 judgment granting defendant-appellee Hartford Board of Education's ("Board") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's dismissal of a complaint for failure to state a claim de novo. "In conducting this review, we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009), quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Although he is now represented by counsel, Baptista commenced the present action pro se. The district court was therefore required to construe his complaint "broadly" and as raising "the strongest argument that it suggests," Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (internal quotation marks and alterations omitted), and to be "accommodating" in granting Baptista leave to amend, unless such "amendment would be futile," Fulton v. Goord, 591 F.3d 37, 45 (2d Cir. 2009) (internal quotation marks omitted).

The district court satisfied these requirements. Baptista's original complaint was exceedingly skeletal and failed to state a claim upon which relief could be granted even on

the most generous reading. Nevertheless, in response to the Board's initial motion to dismiss under Rule 12(b)(6), the district court gave Baptista the chance to amend his complaint to address the defects that the Board had identified. Baptista then filed a "Motion to Amend Complaint," which the district court treated as an amendment to his original complaint; it included a few new details, but failed to address the deficiencies highlighted in the Board's motion to dismiss. Ten days later, the court permitted Baptista to amend his complaint a second time, but Baptista's responsive filing largely repeated the content of his previous amendment without adding significant new information. The Board ultimately filed another motion to dismiss for failure to state a claim, describing the deficiencies that remained in Baptista's second amended complaint.

The district court granted that motion, concluding, inter alia, that the second amended complaint – even read in the most generous possible light – failed to allege that Baptista was a qualified individual with a disability under the Rehabilitation Act, 29 U.S.C. §§ 791-941 (2006), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300 (2006).[1] On the final page of its order, however, the district court stated:

> If Mr. Baptista believes that the Court has not properly construed his Amended Complaint, or has information that would render his claims viable, he should file a motion to reconsider (along with a Third Amended Complaint) that addresses the defects in his Amended Complaint noted in this

---

[1] The district court also concluded that Baptista had failed to allege a claim for discrimination under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-35 (2006), and had failed to plead facts sufficient for an equal protection claim. Baptista fails to press his USERRA and equal protection claims on appeal. Accordingly, we deem them waived and do not consider them further.

> decision. Mr. Baptista must file any such motion to reconsider and Third Amended Complaint no later than **August 7, 2009. The Court will not grant Mr. Baptista any further opportunities to amend his complaint to address the failures noted in this decision. If Mr. Baptista fails to file a motion to reconsider by August 7, 2009, the Clerk should close the file.**

Baptista v. Hartford Bd. of Educ., No. 3:08CV1890 (MRK), 2009 WL 2163133, at *7 (D. Conn. July 21, 2009) (emphasis in original). Baptista failed to file such a motion and instead filed a notice of appeal.

On appeal, Baptista argues that the district court erred in granting the Board's motion to dismiss, arguing (1) that the court improperly considered, adopted as true, and relied upon for its legal conclusions the factual findings of the majority opinion of a labor arbitration panel that had rejected a grievance filed by Baptista objecting to his firing, when Baptista had attached to his complaint only the *dissenting* opinion from that arbitration; and (2) that Baptista's second amended complaint satisfied the pleading requirements of the Rehabilitation Act and the ADA.

Having conducted a de novo and independent review of the record, and construing Baptista's complaint in the light most favorable to him, we conclude that he failed to state a claim under the Rehabilitation Act or the ADA, and that the district court correctly granted the Board's motion to dismiss. It is unnecessary for us to consider Baptista's argument that the district court erred in considering the majority opinion of the arbitration panel, as we need not and do not rely on that document for our decision.

To the extent that Baptista alleges that he should not have been disciplined for

4

drinking on the job because he claims that the evidence against him was insufficient, he fails to state a discrimination claim. Disciplining, or even dismissing, an employee that the employer believed to have been drunk on the job does not constitute disability discrimination.[2] Whether the evidence was sufficient to support the employer's belief is an issue for the arbitration panel, not for this Court.[3]

On appeal, Baptista emphasizes those portions of his complaint that he contends could be taken to state a claim that he was discriminatorily *terminated* because other employees found to have been drunk at work had been subjected to lesser discipline. But while Baptista conclusorily alleges that his firing constituted discrimination on the basis of his alcoholism or HIV-positive status, in none of his complaints did he describe how either impairment limited any major life activity – a requirement for a condition to constitute a disability for purposes of the laws on which he relies. Nor did he clearly allege that the Board was aware of his alleged disabilities or that the other employees who purportedly were subjected to lesser discipline for drinking infractions were not alcoholics or HIV-positive.

---

[2] See 42 U.S.C. § 12114(c)(4) (2006) (providing that an ADA-covered entity "may hold an employee . . . who is an alcoholic to the same qualification standards for . . . job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee"); 29 U.S.C. § 705(20)(C)(v) (2006) (providing that under the Rehabilitation Act, "the term 'individual with a disability' does not include any individual who is an alcoholic whose current use of alcohol prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others").

[3] Even the dissenting arbitrator, on whose opinion Baptista relies, did not contend that the evidence of Baptista's on-the-job drinking was so thin as to suggest that the Board did not believe the charge in good faith or that the finding of drunkenness was a mere pretext for some form of bias.

Whether any one of these defects, standing on its own, would have required dismissal of the complaint, in combination they leave little basis for a claim of discrimination. Read together, Baptista's original complaint, his first "Motion to Amend Complaint," and his second "Motion to Amend Complaint" – the three documents that the district court considered together as Baptista's second amended complaint – fail to state a claim under the ADA or the Rehabilitation Act. Nevertheless, a district court "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Here, however, the district court gave Baptista three opportunities to amend. The court and the Board repeatedly identified for Baptista the defects in his complaint, yet he never cured them by adding relevant factual allegations, such as, for example, the effects of his alcoholism, whether he believed the other employees caught drinking on the job but not fired were alcoholics, or whether the Board knew he was an alcoholic.[4]

Of course, as a pro se litigant, Baptista cannot be expected to act with the diligence or skill of an attorney. He should be "afforded leniency in asserting his claims." Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996). But "the indulgence afforded to" pro se litigants is not limitless. Id. A district court may treat a motion to dismiss as a motion for a more definite statement. See, e.g., Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir.

---

[4] Even on appeal, now represented by counsel, Baptista does not suggest what facts he could allege in good faith that would cure these defects.

6

1973) ("[R]equiring a limited expansion of a complaint . . . under Rule 12(e) . . . is a matter generally left to the district court's discretion."); United States v. Lustig, 110 F. Supp. 806, 809 (S.D.N.Y. 1953); 5C Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1376 (3d ed. 2004).  A litigant's repeated failure to provide that more definite statement can itself warrant dismissal.  See Fed. R. Civ. P. 12(e) (providing, inter alia, that "[i]f the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order"); see also EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) ("[F]ailure to allege more specifically the major life activity" affected by the alleged impairment in response to an order to provide a more definite statement "may fairly result in dismissal of the complaint.").

Here, the district court gave Baptista numerous chances to amend his complaint, but he repeatedly failed to address the problems to which he had been alerted.  The district court therefore correctly granted the Board's motion to dismiss.

## CONCLUSION

We have considered Baptista's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7